■ Elias Muhlrad, Individually and as Parent and Natural Guardian of Eric Muhlrad, an Infant, et al., Appellants, v Town of Goshen, Respondent. [647 NYS2d 975] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (DiBlasi, J.), dated August 21, 1995, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated November 2, 1995, which denied their motion for reargument.

Ordered that the appeal from the order dated November 2, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 21, 1995, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On May 28, 1993, at approximately 2:30 P.M., a car operated by the plaintiff Eric Muhlrad and occupied by a friend was

heading south on Knoell Road, a two-lane, two-way road in the Town of Goshen. Eric momentarily glanced.at his friend seated to his right and then realized that the car had drifted very close to the right edge of the road. Eric turned the steering wheel to the left, and the car crossed the center of the road into the northbound lane and flipped over as it ran off the left side of the road.

The plaintiffs Eric Muhlrad and his father, Elias Muhlrad, commenced this action against the Town of Goshen, alleging, among other things, that Eric's injuries were caused by the town having created a dangerous and defective condition in the roadway.

The Supreme Court properly dismissed the complaint since the record clearly establishes that it was the manner in which the car was operated which was the proximate cause of the accident and not, as the plaintiffs contend, the defendant's construction of the road or the gutters along the side of the road *(see, McKenna v Garcia,* 189 AD2d 756, 757; *Parks v Hutchins,* 162 AD2d 666, *affd* 78 NY2d 1049; *Alberti v Rydill,* 152 AD2d 520).

We reject the plaintiffs' contention that summary judgment should have been denied until they had further opportunity to conduct depositions. The mere hope that through further discovery the plaintiffs will uncover evidence that will prove their case provides no basis, pursuant to CPLR 3212 (f), for postponing a decision on a motion for summary judgment *(see, Zarzona v City of New York,* 208 AD2d 920; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). Thompson, J. P., Altman, Hart and Florio, JJ., concur.