■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BRYANT, Also Known as TYRONE BANKS, Appellant. [700 NYS2d 812] —Judgment, Supreme Court, Bronx County (Daniel Sullivan, J.), rendered October 30, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning the credibility of the witnesses who testified to defendant's admission. Moreover, substantial forensic evidence connected defendant to the crime and the disposal of the victim's body. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.

■ MARGARET WALSH, Appellant, v DENNIS MURPHY et al., Respondents. [700 NYS2d 32] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 1, 1998, which granted defendants' motion for summary judgment dismissing plaintiff's complaint, and order, same court and Justice, entered on or about November 25, 1998, which, to the extent appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

In view of the fact that the evidence permits no more than speculation as to the cause of plaintiff's fall down defendants' staircase, the IAS Court properly granted defendants summary relief (see, Zuckerman v City of New York, 49 NY2d 557, 562). Also proper was the IAS Court's denial of plaintiff's motion to renew since plaintiff's submission of a medical affidavit as to her loss of memory of the accident did not in any way ameliorate the fatal evidentiary deficiency. Contrary to plaintiff's argument, the Noseworthy doctrine (see, Noseworthy v City of New York, 298 NY 76, 80-81) is not applicable to this case, since defendants' knowledge as to the cause of plaintiff's fall is no greater than that of plaintiff (see, Lynn v Lynn, 216 AD2d 194, 195). Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.