■ CHARLES HADEN, Respondent, v FENLEY & NICOL ENVIRONMENTAL, INC., et al., Appellants, and LOCKWOOD KESSLER & BARTLETT, INC., Respondent. (And a Third-Party Action.) [709 NYS2d 582] —In an action to recover damages for personal injuries, the defendant Fenley & Nicol Environmental, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated February 16, 1999, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Cashin Associates, P. C., appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent.

On April 28, 1994, the plaintiff Charles Haden, a forklift operator for the Town of Oyster Bay (hereinafter the Town), was injured when he was thrown from the forklift he was operating as it tipped into a hole in the pavement at the Town's Waste Disposal Plant. Approximately two years before the incident, the Town had employed the defendant Cashin Associates, P. C. (hereinafter Cashin), to provide engineering consultant services with respect to a tank replacement project at the plant and had retained the defendant Fenley & Nicol Environmental, Inc. (hereinafter Fenley), as the contractor on the project.

The Supreme Court properly denied the separate motions of Cashin and Fenley for summary judgment dismissing the com-

plaint and all cross claims insofar as asserted against them, as issues of fact exist, *inter alia*, as to who created the hole, and the degree of Cashin's supervision or control over the project (*see,* CPLR 3212 [b]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325; *Zuckerman v City of New York,* 49 NY2d 557, 562-563; *see also, D'Andria v County of Suffolk,* 112 AD2d 397).

The parties' remaining contentions are without merit. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.