■ MELISSA DeBOLT et al., Appellants, v DAVID BARBOSA et al., Defendants, and CITY OF TROY, Respondent. [718 NYS2d 447] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Canfield, J.), entered June 24, 1999 in Rensselaer County, which granted a motion by defendant City of Troy for summary judgment dismissing the complaint against it.

On September 4, 1996, plaintiff Melissa DeBolt (hereinafter plaintiff), then a freshman at Rensselaer Polytechnic Institute, was struck by a bus owned by defendant Albany Yellow Communications Company, Inc. and operated by defendant David Barbosa. The accident occurred as plaintiff was crossing 15th Street in the City of Troy, Rensselaer County, on the south side of its intersection with South Campus Road, an intersection controlled by a traffic light. Plaintiff, and her parents derivatively, commenced this action against Albany Yellow, Barbosa and defendant City of Troy seeking to recover for the injuries she sustained that day. With respect to the City, plaintiffs allege that it was negligent in failing to erect a "No Turn on Red" sign on South Campus Road and in failing to designate a crosswalk on the south side of the intersection. Supreme Court granted summary judgment in favor of the City based in part on its conclusion that the accident did not occur in the intersection and, therefore, the City's alleged failure to properly sign and mark the intersection could not have been a proximate cause of the accident.[1] We affirm, albeit for different reasons than those articulated by Supreme Court.

We begin by acknowledging that the parties dispute two essential points in this case, namely, plaintiff's proximity to the intersection when the accident occurred and the direction from which Barbosa's bus had been traveling prior to impact. As to the former, defendants claim that plaintiff was a few hundred feet from the intersection when she exited a friend's vehicle and attempted to cross the street. Plaintiffs, on the other hand, claim that she was only 10 feet from the intersection. As to the latter, defendants maintain that Barbosa was traveling south on 15th Street and proceeded through a green light at its

---

**1.** The claims against Albany Yellow and Barbosa are still pending and not at issue on appeal.

intersection with South Campus Road just prior to impact. Plaintiffs submitted evidence that Barbosa was leaving South Campus Road, having turned right on red just prior to the impact. Resolving each of these factual disputes in favor of plaintiffs, as we must, we nevertheless find that the City is entitled to summary judgment.

Plaintiffs' theory of the accident, as expressed in the affidavit of their expert, Bradford Silver, is that Barbosa entered 15th Street from South Campus Road, failed to stop *at all* at the red light before initiating a right-hand turn and struck plaintiff. If, as plaintiffs allege, Barbosa indeed ran the red light, then it is incumbent on plaintiffs' experts to explain *how* the absence of a "No Turn on Red" sign or a delineated pedestrian crosswalk on the south side of the intersection "greatly increas[ed] the probability of [the accident's] occurrence" (*Humphrey v State of New York*, 90 AD2d 901, 902, *affd* 60 NY2d 742). Neither Silver's affidavit nor the accompanying affidavit of another expert states in other than the most conclusory terms how *under the particular circumstances of this accident* (not simply under the general circumstances of busy activity at that intersection) these alleged failures actually contributed to the accident. In short, we are persuaded by the City's argument that the presence or absence of a sign prohibiting right on red or an additional crosswalk in the vicinity at the intersection is immaterial under these circumstances, and plaintiffs' experts do not address this fact *at all* in attempting to impose liability.

It is axiomatic that a municipality's duty to design reasonably safe highways is predicated on the assumption that those who use them will obey the rules of the road (*see, Tomassi v Town of Union*, 46 NY2d 91, 97). Accepting plaintiffs' version of events as true, the facts reveal that Barbosa ran a red light. Thus, there is simply no basis for a finding that the alleged failure to install a "No Turn on Red" sign or to paint an additional pedestrian crosswalk at the intersection in any way caused or contributed to this accident. Said differently, there is no evidence which would support even an inference that the City's alleged failures "materially increas[ed] the risk of [plaintiff] being struck" by one who *actually ran* a red light (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675).[2] Because the record lacks competent proof that any failure on the part of the City to post a "No Turn on Red" sign or to delineate an additional pedestrian crosswalk at the intersection was

---

2. As an additional point, we note that the contract between Albany Yellow and the school district prohibited school bus drivers from "mak[ing] any turn on red."

a substantial factor in bringing about the injuries sustained by plaintiff, the City is entitled to summary judgment.

Cardona, P. J., Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.