■ JOHN GILBERTO, Appellant, v TOWN OF PLATTEKILL, Respondent. [719 NYS2d 384] —Mercure, J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered March 6, 2000 in Ulster County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained the personal injuries forming the basis for this negligence action when he lost control of his motorcycle while traveling on Huckleberry Turnpike, a road in the Town of Plattekill, Ulster County, on August 14, 1995. Plaintiff's claim of liability is based upon defendant's failure to install advisory speed signs and a double yellow center line and also in failing to conduct an engineering study to evaluate the installation of such signs and markings. Following joinder of issue and discovery, defendant moved for summary judgment

dismissing the complaint and plaintiff cross-moved for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and plaintiff appeals.

We affirm. Plaintiff's testimony at the General Municipal Law § 50-h hearing and at an examination before trial established that he was very familiar with the road conditions at the site of the accident. Except for a four-year period of Navy service, plaintiff had lived on Huckleberry Turnpike since 1974 and had driven the road hundreds, if not thousands, of times. On the day of the accident, the weather was clear, dry and warm. Plaintiff drove his motorcycle about one half to three quarters of a mile from his home and approached a hill. Plaintiff testified that he "knew it was a dangerous hill because there was a blind spot, [so he] always stayed far to the right in case of any oncoming vehicles." Although the speed limit was 35 miles per hour, plaintiff indicated that he was going only 25 miles per hour around a curve and maintained that speed as he began ascending the hill. As soon as plaintiff crested the hill, he saw a car backing out of a driveway. In an attempt to avoid a collision, plaintiff veered far to the left and lost control of his motorcycle.

Fundamentally, the absence of a warning sign or other traffic control device or highway marking may be excluded as a cause of an accident "if the driver's awareness of the physical conditions prescribed the same course of action as the warning sign would have, [or] if the driver, by reason of his recollection of prior trips over the same road, 'actually had the danger in mind' as he approached it on the highway" (*Koester v State of New York*, 90 AD2d 357, 362, quoting *Rugg v State of New York*, 284 App Div 179, 181; *see*, *Atkinson v County of Oneida*, 59 NY2d 840, 842; *Gleich v Volpe*, 32 NY2d 517, 523; *Applebee v State of New York*, 308 NY 502, 507-508; *Alber v State of New York*, 252 AD2d 856). We believe that the facts of this case bring it squarely within that rule of law. Given plaintiff's intimate knowledge of the road conditions and physical features that he claims gave rise to his accident, additional warnings or road markings surely would have made no difference. Plaintiff's wholly conclusory allegations that, had there been an advisory speed sign limiting the speed to 20 miles per hour, he would have reduced his speed to that rate or less, and if there had been double yellow lines in the middle of the roadway he "would have been able to travel closer to the center of the roadway without concern for oncoming traffic," fail to raise a genuine question of fact. Under the circumstances, the opinion of plaintiff's expert concerning defendant's negligence

in failing to install advisory speed signs and highway markings and in failing to perform traffic and engineering studies is irrelevant.

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.