■ Rosalie Parmeter, Individually and as Mother and Guardian of Gary Sheppard, an Infant, Appellant, v Sean R. Bedard, Also Known as Sean R. Keefe, Defendant, and Town of Wilmington, Respondent. [744 NYS2d 69] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 13, 2000 in Essex County, which, inter alia, granted defendant Town of Wilmington's motion for summary judgment dismissing the amended complaint against it.

This action was brought on behalf of Gary Sheppard who, at age 17, was seriously injured in a motorcycle accident in the Town of Wilmington, Essex County. Defendant Sean R. Bedard, the owner of the motorcycle, was operating it on Hardy Road, a Town highway. Sheppard has no recollection of the accident. Bedard, at his deposition, testified that he was familiar with the highway and knew that he was approaching a left-hand turn followed by a stop sign. He further testified that as they were proceeding at approximately 45 miles per hour, Sheppard tapped him on the shoulder. He turned his head to hear what Sheppard was saying and when he looked forward, it was too late to negotiate the curve and the motorcycle left the highway. Plaintiff alleged that defendant Town of Wilmington was negligent for its failure to trim brush which obscured a traffic warning sign, to post proper speed reduction and curve signs, to have fog lines along the pavement edges and to maintain a proper sight distance to the stop sign. The Town moved for summary judgment dismissing the amended complaint and any cross claim by Bedard, due to plaintiff's failure to comply with the Town's prior written notice ordinance and because Bedard's negligence was the sole proximate cause of the accident. Supreme Court granted the Town's motion based on its proximate cause argument and plaintiff appeals.

We affirm. "This court has previously held that a municipality may be excused from liability when its conduct in maintaining a road could not be the proximate cause of an accident" (*Alexander v Eldred*, 63 NY2d 460, 467; *see, Atkinson v County of Oneida*, 59 NY2d 840; *Tomassi v Town of Union*, 46 NY2d 91; *Cimino v City of New York*, 54 AD2d 843, *affd on mem*

*below* 43 NY2d 966). Here, Bedard's admitted familiarity with the road, coupled with his admitted failure to keep a proper lookout, are factors which, as Supreme Court found, serve to sever any connection between any possible claim of negligence against the Town and the injuries suffered by Sheppard.

Based on our conclusion that Bedard's negligence was the sole proximate cause of the accident, it is unnecessary to reach the issue of whether plaintiff complied with the Town's prior written notice ordinance.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.