KIMBERLY S. DUGER, Appellant, v ESTATE OF CAROLYN M. CAREY et al., Defendants, and COUNTY OF TOMPKINS, Respondent. [744 NYS2d 262] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 2, 2001 in Tompkins County, which, inter alia, granted defendant County of Tompkins' motion for summary judgment dismissing the complaint against it.

In November 1998, plaintiff was driving in a northerly direction on Cobb Street, a county highway, in the Town of Groton, Tompkins County, when a vehicle traveling west on Sovocool Hill Road ran a stop sign and collided with plaintiff's vehicle. The driver of the other vehicle, Carolyn M. Carey, and two of her three passengers were killed. Plaintiff suffered serious injuries. The record establishes that just before the accident, an intoxicated passenger in the back seat of the Carey vehicle had covered Carey's eyes with his hands as she drove into the intersection.

Plaintiff commenced this action against, inter alia, defendant County of Tompkins (hereinafter defendant). Plaintiff alleged that defendant was negligent in allowing a dangerous condition to exist on a county road because a hedgerow growing on privately-owned property along the highway blocked the mutual line of vision between vehicles approaching the intersection. After joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court, inter alia, granted the motion, finding that defendant had not breached a duty owed to plaintiff. Plaintiff appeals.

Initially, we agree with Supreme Court that Highway Law § 139 (2) allows a claim against a county based on constructive notice of a dangerous condition on a county highway (*see, Tanner W. v County of Onondaga*, 225 AD2d 1074, 1074; *Dalby v County of Saratoga*, 206 AD2d 722, 723). Consequently, defendant's contention that the claim against it should have been dismissed on notice grounds is not persuasive.

Turning to the issue of defendant's alleged negligence, we acknowledge that "[m]unicipalities have a nondelegable duty to maintain public highways in a reasonably safe condition, which includes the duty to 'trim growth within the highway's right-of-way to assure visibility of stop signs and other traffic'" (*Cain v Pappalardo*, 225 AD2d 1005, 1006, quoting *Nurek v Town of Vestal*, 115 AD2d 116, 117). However, "so long as a highway may be said to be reasonably safe for people who obey the rules

of the road, the duty imposed upon the municipality is satisfied" (*Tomassi v Town of Union*, 46 NY2d 91, 97). In addition, " 'no liability will attach unless the ascribed negligence of the [municipality] * * * is the proximate cause of the accident' " (*Hough v State of New York*, 203 AD2d 736, 737, quoting *Hearn v State of New York*, 157 AD2d 883, 885, *lv denied* 75 NY2d 710).

In this case, we agree with Supreme Court that the intersection did not present a dangerous condition for northbound drivers on Cobb Street because a clearly visible stop sign faced Sovocool Hill Road. Had Carey stopped at that sign, nothing would have obstructed her view of plaintiff's vehicle approaching on Cobb Street (*compare, Smart v Wozniak*, 58 AD2d 993, *lv denied* 43 NY2d 643 [accident caused by obstruction at intersection which prevented driver stopped at stop sign from seeing oncoming car]). In addition, it is clear that the presence of the hedge was not the proximate cause of the accident (*see, Nurek v Town of Vestal, supra* at 117-118), which occurred because of Carey's reckless conduct in driving past the stop sign with her eyes covered (*see, Shevalier v Bentley*, 268 AD2d 622, 624). Furthermore, we have repeatedly recognized that the presence of trees or shrubbery in close proximity to the roadway is to be expected in rural areas and does not create an unreasonable danger for the careful driver (*see, Tomassi v Town of Union, supra* at 97). Plaintiff's contention that, but for the hedgerow she would have seen Carey's vehicle coming and taken evasive action, is purely speculative. Both plaintiff and defendant were "entitled to anticipate that other vehicles would obey the traffic laws that require them to yield" (*Peschieri v Estate of Ballweber*, 285 AD2d 921, 923). Accordingly, we conclude that defendant breached no duty owed to plaintiff and its motion for summary judgment was properly granted.

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.