■ WILLIAM H. PERRY et al., Respondents, v MATTHEW S. KAZOLIAS, Defendant, and TOWN OF CLINTON, Appellant. [756 NYS2d 256] —In an action to recover damages for personal injuries, etc., the defendant Town of Clinton appeals from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated May 14, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The defendant Matthew S. Kazolias was driving southbound at a speed of 50 miles per hour on Sodom Road, where the posted speed limit is 30 miles per hour. He was familiar with the roadway and knew that there was a 90-degree right turn at the end of Sodom Road. The turn is bordered by a stone wall. On the date of the accident, he did not see the sign indicating the turn ahead and advising a 10-mile-per-hour speed limit until his vehicle was right next to the sign, because for several seconds he had been looking at one of his passengers instead of the roadway. He applied his brakes and turned to the right, but was unable to negotiate the turn and the vehicle struck the stone wall and a wooden fence. The plaintiff Tiphanie L. Perry, a passenger in Kazolias' vehicle, was injured.

The plaintiffs allege that the defendant Town of Clinton was negligent in its design and maintenance of the roadway where the accident occurred. However, even assuming that the Town was negligent, it cannot reasonably be inferred that its conduct was a proximate cause of the accident (*see Tomassi v Town of Union,* 46 NY2d 91, 98 [1978]; *Rendinaro v City of New York,* 254 AD2d 342 [1998]; *O'Hare v Baer,* 240 AD2d 381, 382 [1997]; *Stanford v State of New York,* 167 AD2d 381, 382 [1990]). Rather, the conduct of Kazolias, who was driving at an excessive rate of speed and failed to keep a proper lookout, severed any connection between the Town's alleged negligence and the happening of the accident (*see Parmeter v Bedard,* 295 AD2d

779, 780 [2002], *lv denied* 98 NY2d 614 [2002]; *Brocato v Grippe,* 269 AD2d 414, 415 [2000]; *Muhlrad v Town of Goshen,* 231 AD2d 615, 616 [1996]). Furthermore, since Kazolias was familiar with the roadway and the approaching 90-degree turn, the absence of additional warning signs could not be a proximate cause of the accident (*see Atkinson v County of Oneida,* 59 NY2d 840, 842 [1983]; *Gilberto v Town of Plattekill,* 279 AD2d 863, 864 [2001]; *Pateman v Asaro,* 203 AD2d 346 [1994]). Therefore, the Town was entitled to summary judgment dismissing the complaint insofar as asserted against it. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.