■ Joseph Howard, Appellant, v Raymond P. Tylutki, Jr., Defendant, and Town of Glen, Respondent. [760 NYS2d 257] —Kane, J. Appeal from an order of the Supreme Court (Sise, J.), entered July 18, 2002 in Montgomery County, which granted a motion by defendant Town of Glen for summary judgment dismissing the complaint and cross claim against it.

Plaintiff was injured when his motorcycle was struck head-on by a Camaro driven by defendant Raymond P. Tylutki, Jr. on a road owned and maintained by defendant Town of Glen (hereinafter the Town) in Montgomery County. Both plaintiff and Tylutki allege that visibility was obstructed by overgrown brush along the road, and that the other driver crossed into the improper lane. The accident occurred just after Tylutki crossed a narrow bridge in the middle of a 90-degree turn in the road. Tylutki entered the roadway from a Y intersection with Tylutki Road, about 200 feet before the bridge. For 12 years, Tylutki lived approximately one mile from the intersection, on the road named for his family. At an examination before trial, he testified that he was familiar with these roads

and that during the prior year, he drove the same route that he took the day of the accident almost every day for school and six days a week for work. Plaintiff testified that he had traversed the bridge hundreds of times, was familiar with it and he used to live on Tylutki Road with his parents, who had resided there for 25 years at the time of the accident. The Town moved for summary judgment in plaintiff's personal injury action, which alleged that the Town was negligent in signage, road design, failing to paint center lines and failing to adequately trim back brush. The motion was granted, resulting in plaintiff's appeal.

While the Town has a duty to maintain its highways in a reasonably safe condition, this duty is satisfied as long as the roads are reasonably safe for drivers who obey the rules of the road (*see Duger v Estate of Carey*, 295 AD2d 878, 878-879 [2002]). Liability may be excused where the municipality's alleged negligent maintenance could not be a proximate cause of the accident (*see Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983]; *Duger v Estate of Carey, supra* at 879; *Parmeter v Bedard*, 295 AD2d 779 [2002], *lv denied* 98 NY2d 614 [2002]). The "presence of trees or shrubbery in close proximity to the roadway is to be expected in rural areas and does not create an unreasonable danger for the careful driver" (*Duger v Estate of Carey, supra* at 879; *see Shevalier v Bentley*, 268 AD2d 622, 623 [2000]). Even if the Town was negligent, its omissions will not be considered proximate causes of the accident if the drivers involved were sufficiently familiar with the area such that they were aware of the physical conditions surrounding the roadways which additional warning signs or center lines would have provided (*see Atkinson v County of Oneida, supra* at 842; *Perry v Kazolias*, 302 AD2d 575, 576 [2003]; *Gilberto v Town of Plattekill*, 279 AD2d 863, 864 [2001], *lv denied* 96 NY2d 710 [2001]; *Alber v State of New York*, 252 AD2d 856, 856-857 [1998]). Given both drivers' thorough familiarity with the locale of the collision, as well as their testimony regarding their cautious conduct immediately prior to the accident based on their knowledge of the roadway surrounding the bridge, Supreme Court properly granted the Town's motion for summary judgment.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.