◼ ALLEN ABAIR, Appellant, v TOWN OF NORTH ELBA, Respondent, et al., Defendants. [827 NYS2d 300]—

Spain, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 27, 2005 in Essex County, which granted a motion by defendant Town of North Elba for summary judgment dismissing the complaint against it.

Plaintiff commenced this negligence action against defendant Town of North Elba, among others, seeking damages for injuries he sustained while a back-seat passenger in a one-car motor vehicle accident that occurred on Adirondack Loj Road in the Town of North Elba, Essex County. On the night of the accident, plaintiff, employed by Adirondack Lodge, left work and went to a bar to watch a football game with several coworkers. The group moved on to a second bar and, around 2:00 A.M., left to return to the Lodge in an automobile driven by defendant Devin Foran. While attempting to navigate a sharp turn in the road, Foran lost control of the vehicle and crashed into a tree. Foran later pleaded guilty to driving while ability impaired and a traffic infraction.

In his complaint, plaintiff alleges that the Town was negligent in failing to place and/or maintain signs and reflectors on Adirondack Loj Road warning motorists of the sharp turn where the accident occurred. The Town successfully moved for summary judgment on the basis that Foran's familiarity with Adirondack Loj Road precluded a finding that any negligence on the part of the Town was a proximate cause of the accident. Plaintiff appeals, and we affirm.

" 'Proximate cause is a question of fact for the jury where varying inferences are possible' " (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 674 [1999], quoting *Mirand v City of New York*, 84 NY2d 44, 51 [1994]), but where the record establishes that the alleged failure of duty could not have played a role in causing the alleged injury, summary judgment is appropriate (*see Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983]; *Howard v Tylutki*, 305 AD2d 907, 908 [2003]; *Vasquez v Consolidated Rail Corp.*, 180 AD2d 247, 250 [1992], *lvs denied* 80 NY2d 762 [1992]; *cf. Alexander v Eldred*, 63 NY2d 460, 467-468 [1984]). Notably, "[e]ven if the Town [were] negligent, its omissions will not be considered proximate causes of the accident if the drivers involved were sufficiently familiar with the area such that they were aware of the physical conditions surrounding the roadways which additional warning signs or center lines would have provided" (*Howard v Tylutki, supra* at 908).

Foran admitted to being intimately familiar with Adirondack Loj Road, having in the past traveled it on a daily basis to and from work. He had, moreover, specific knowledge of the dangers inherent in the curve where the accident occurred; he called it "a historic spot for car crashes" and expressed awareness of more than 10 automobile accidents occurring at that site, a few of which he had first-hand knowledge, having witnessed cars off the road as he drove by. Foran was also aware of the road's 40

mile-per-hour speed limit and that the particular curve at issue should be traveled at an even slower speed. We deem this evidence sufficient to meet the Town's burden, as the proponent of summary judgment, of demonstrating that any lack of warning regarding the allegedly dangerous curve was not a proximate cause of the accident (*see Clementoni v Consolidated Rail Corp.,* 30 AD3d 986, 987 [2006]; *Howard v Tylutki, supra* at 908; *Parmeter v Bedard,* 295 AD2d 779, 779 [2002], *lv denied* 98 NY2d 614 [2002]).

In response, plaintiff submitted the affidavit of a traffic safety expert who noted that no 40 mile-per-hour speed limit or speed suggestion signs were located close to the accident site and that the existing reflective markers and curve delineator signs were obscured by vegetation. Based on his inspection of the accident site, he concluded that "[p]roperly posted and maintained reflective signage could have helped the driver avoid this crash." While this evidence is relevant to the Town's alleged negligence in maintaining the road and the danger such omissions could pose to motorists in general, it in no way addresses the critical facts at play in this case—namely, the impact of Foran's familiarity with the crash site on proximate causation. Plaintiff has failed to raise a material question of fact to dispute the conclusion that Foran's actions would have been the same even if the Town had used more signage to warn motorists of the sharp curve. Accordingly, summary judgment was properly granted.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.