■■ ALEXANDER LIFSON, as Executor of IRENE LIFSON, Deceased, Respondent, v CITY OF SYRACUSE, Appellant, et al., Defendants. [838 NYS2d 323]—

Appeal from an order of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered November 1, 2006 in a personal injury action. The order denied the motion of defendant City of Syracuse for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant City of Syracuse insofar as the complaint alleges that defendant City of Syracuse was negligent in its design of the intersection at issue and as modified the order is affirmed without costs.

Memorandum: Plaintiff's wife was struck by a motor vehicle as she was crossing a street at an intersection in the City of Syracuse (defendant), and she ultimately died as a result of the injuries she sustained. There was no traffic signal at the intersection. We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint against it insofar as the complaint alleges that defendant was negligent in its design of the intersection by failing to ensure the safety of pedestrians. We therefore modify the order accordingly.

Although a municipality owes an absolute duty to keep its highways in a reasonably safe condition (see Friedman v State of New York, 67 NY2d 271, 283 [1986]; Weiss v Fote, 7 NY2d 579, 584 [1960], rearg denied 8 NY2d 934 [1960]), it is afforded qualified immunity from liability arising out of highway planning decisions (see Friedman, 67 NY2d at 283; Weiss, 7 NY2d at 584-586). Thus, a municipality may not be held liable "absent proof that the plan evolved without adequate study or lacked a reasonable basis" (Palloni v Town of Attica, 278 AD2d 788, 789 [2000], lv denied 96 NY2d 709 [2001]). Here, defendant met its burden of establishing that the traffic plan it adopted was reasonable and based on adequate study, and plaintiff failed to raise an issue of fact with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendant presented evidence establishing that in 1990 it commissioned an environmental impact study of the area in conjunction with a construction project that included building a parking garage at the intersection. The study included an analysis of traffic flow at the intersection and addressed, inter alia, the volume of

vehicular and pedestrian traffic and loss of service, i.e., the average delay per vehicle during a particular time period. Defendant hired a second engineering firm to review the environmental impact statement, and that firm concluded that the volume of traffic did not warrant the installation of a traffic signal at the intersection.

We conclude, however, that there is an issue of fact whether defendant breached its continuing duty to review its traffic plan in light of the actual operation of the plan, and we thus conclude that the court properly denied defendant's motion insofar as the complaint may be construed to allege the violation of that continuing duty. Once a municipality "is made aware of a dangerous traffic condition it must undertake reasonable study thereof with an eye toward alleviating the danger" (*Friedman*, 67 NY2d at 284). Here, the record establishes that in 1993 defendant received a written complaint from a citizen requesting that a traffic signal be installed at the intersection based on the existing danger to pedestrians crossing the street. The request was denied without further study because, according to the deposition testimony of defendant's traffic engineer, "you walk down only a few hundred feet [and] there's a signalized [pedestrian] crossing." We thus conclude on the record before us that there is an issue of fact whether defendant breached its continuing duty to review the traffic plan "with an eye toward alleviating the danger" (*Friedman*, 67 NY2d at 284).

Finally, we reject defendant's contention that dismissal of the complaint is warranted because both the driver and decedent were familiar with the intersection and, thus, any negligence on defendant's part was not a proximate cause of the accident. We conclude that the familiarity of the driver and decedent with the intersection is insufficient to establish as a matter of law that their conduct would have been the same regardless of the design of the intersection and the presence of remedial measures (*cf. Abair v Town of N. Elba*, 35 AD3d 935, 936-937 [2006]; *Winters v Town of Germantown*, 20 AD3d 713 [2005]; *Howard v Tylutki*, 305 AD3d 907, 908 [2003]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.