SHEILA SMYTHE, as Administrator of the Estate of CHRISTINA FRANK, Deceased, Appellant, v JUNE B. WOODS, as Executor of ARNOLD WOODS, Deceased, et al., Defendants, and COUNTY OF FRANKLIN, Respondent. [838 NYS2d 721]—

Carpinello, J. Appeal from an order of the Supreme Court

(Demarest, J.), entered July 17, 2006 in Franklin County, which, inter alia, granted the motion of defendant County of Franklin for summary judgment dismissing the complaint against it.

Summary judgment was properly granted to defendant County of Franklin (hereinafter defendant) in this negligence action arising out of a one-car fatal accident on County Route 3 in the Town of Fort Covington, Franklin County. Plaintiff's decedent was a passenger in a vehicle that went off the paved portion of this two-lane road approximately 200 feet before a bridge for no known reason. After knocking down a concrete guide post located on the approach to the bridge, the vehicle ignited when it ultimately collided with a concrete bridge abutment, killing both occupants.

Notably, this stretch of County Route 3, including the subject bridge, is flat and straight and had been recently paved and was in "essentially perfect" condition. It had an authorized speed limit of 55 miles per hour with passing permitted in both directions. No prior accidents had been reported in the vicinity and the driver was intimately familiar with the road, having driven it twice daily for three years. Moreover, undisputed findings in an investigative state police report reveal that the main cause of the accident was inappropriate driver action. Plaintiff alleges, however, that defendant negligently maintained the concrete barrier system on the approach to the bridge and that the absence of an appropriately maintained system was a substantial factor in the severity of this accident. At issue is an order of Supreme Court dismissing the complaint against defendant on the ground that defendant was entitled to qualified immunity from liability as a result of its highway planning decision. Plaintiff appeals, and we now affirm.

Upon our review of the record, we find that defendant sustained its burden of demonstrating that the decision to refrain from erecting a barrier system at the subject bridge "was the product of a deliberative decision-making process[ ] of the type afforded immunity from judicial interference" (*Appelbaum v County of Sullivan*, 222 AD2d 987, 989 [1995]; *see Light v State of New York*, 250 AD2d 988, 989-990 [1998], *lv denied* 92 NY2d 807 [1998]; *Cummins v County of Onondaga*, 198 AD2d 875, 877 [1993], *affd* 84 NY2d 322 [1994]; *see also Friedman v State of New York*, 67 NY2d 271, 283-284 [1986]; *Weiss v Fote*, 7 NY2d 579, 589 [1960]). The bridge foreman of defendant's highway department, who is responsible for

maintaining all bridges in the County* and who inspects each bridge annually, testified that a few years before the subject accident, defendant made a policy decision to begin replacing and/or installing barrier beams on approaches to older bridges. The subject bridge was one such bridge. Although the foreman was aware that some of the original guide posts were missing on the approach to this bridge, installation of a new barrier beam system was not scheduled for this particular bridge because the roadway was completely flat and straight and because there were no reported accidents on or near this bridge. Defendant's highway superintendent made similar averments in an affidavit in support of its motion for summary judgment.

Additionally, although budget plans submitted one month before the accident included a request to replace the entire bridge, this decision had nothing to do with the purported safety concerns raised in this action regarding the approach. Rather, this particular bridge had finally made its way to the top of an evolving list of such bridge replacements in the County and compilation of this list—itself a deliberate decision-making process by county personnel—was based primarily on general findings in biannual state reports containing bridge sufficiency ratings, defendant's own concerns regarding the structural integrity of the bridge itself and the availability of certain funding. In the face of the prima facie showing by defendant, plaintiff presented no evidence supporting a finding that immunity should be denied (*see Weiss v Fote, supra* at 586).

We have reviewed plaintiff's remaining contentions and are unpersuaded.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The record reveals that there is somewhere between 180 and 200 bridges in the County.