■ DIANE MORRIS, Respondent, v SOLOW MANAGEMENT CORPORATION TOWNHOUSE COMPANY, L.L.C., et al., Appellants, et al., Defendants. [848 NYS2d 613]—

Orders, Supreme Court, New York County (Alice Schlesinger, J.), entered July 27, 2006, which denied defendants-appellants' motions for summary judgment, unanimously reversed, on the law, without costs, the motions granted and the complaint dismissed as against appellants. The Clerk is directed to enter judgment accordingly.

Appellants' motions for summary judgment should have been granted in this case where the decedent allegedly fell four stories through a defective window/sliding-glass door in his apartment. The record evidence establishes that no one witnessed the decedent's fall, and there is simply no evidence that any of the alleged defects in the window/sliding-glass door, or its installation, caused the fatal fall. It was just as likely that the decedent's fall had nothing to do with those alleged defects as that it did, and accordingly, no triable issue has been raised as to whether responsibility for the fall may be placed upon appellants (*see McNally v Sabban*, 32 AD3d 340, 341 [2006]; *Lynn v Lynn*, 216 AD2d 194 [1995]). The *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76, 80-81 [1948]) does not apply in this case inasmuch as "the parties were on equal footing with respect to knowledge of the occurrence" (*Lynn v Lynn*, 216 AD2d at 195; *see also Walsh v Murphy*, 267 AD2d 172 [1999]). Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.