■ VINCENZO POPOLIZIO, Respondent, v COUNTY OF SCHENECTADY, Appellant. (And Two Other Related Actions.) (And a Third-Party Action.) [853 NYS2d 751]—

Carpinello, J.

While driving down Gallupville Road in the Town of Duanesburg, Schenectady County, on a snowy December night, plaintiff was unable to negotiate a sharp curve at the end of a steep down grade in the road. His vehicle slid across the opposite lane of traffic, off the road and into a deep drainage ditch. Given its width, depth and steep side slopes, the ditch was not traversable. In this action commenced by plaintiff to recover for his resulting injuries, defendant argues that its motion for summary judgment dismissing the complaint in its entirety should have been granted.[1] Unpersuaded, we affirm.

In support of summary judgment, defendant submitted the affidavit of an expert who opined that Gallupville Road was properly striped, signed and maintained within all appropriate state and traffic engineering guidelines and can be safely negotiated by vehicles traveling at a reasonable rate of speed.[2] This expert further opined that it was not necessary to install a guide rail at the accident site. In addition, defendant submitted the affidavit of its director of public works establishing that it had no prior written notice of any problems with this section of Gallupville Road or prior notice of any accidents in the vicinity. Assuming, without deciding, that these submissions were sufficient to make a prima facie showing of entitlement to summary judgment on the issue of whether the road was in a reasonably safe condition at the time of plaintiff's accident, plaintiff met his shifted burden of raising triable issues of fact (see Hill v Town of Reading, 18 AD3d 913, 915-916 [2005]).

First, plaintiff submitted proof establishing that, at the time of the accident, he was only traveling 10 to 15 miles per hour in snow and ice conditions (the speed limit on this portion of the road was 15 miles per hour) (cf. Sherman v County of Cortland, 18 AD3d 908 [2005], lv denied 5 NY3d 713 [2005]), he had driven this particular road only one other time (cf. Abair v Town of N. Elba, 35 AD3d 935 [2006]; Howard v Tylutki, 305 AD2d 907 [2003]) and other motorists had previously slid off this curve and into the same ditch. Plaintiff also submitted expert

---

1. To the extent that plaintiff was alleging that defendant was negligent in failing to clear snow and ice from Gallupville Road on the day of his accident, Supreme Court found that there was a storm in progress and therefore any such allegations must be dismissed. Plaintiff does not take issue with this finding.

2. Based on a notation in a police report by an officer who did not witness the accident, this expert opined that plaintiff was not traveling at a reasonable rate of speed.

affidavits detailing that a guide rail was once in place on this curve, the ditch used to be further from the edge of the road and the ditch was originally designed to be two feet deep with slopes one foot horizontal for every 1½ feet down vertically (i.e, on a ratio of 1:1½). By the date of the accident, however, there was no guide rail in place, the ditch was 12 feet wide, located only 1½ feet from the edge of the pavement (due to road widening projects) and its depth exceeded four feet with very steep slopes (on a ratio of 1:2).[3] These experts established that, in light of the slope, contour and bend of the road in the vicinity of the accident, coupled with the ditch's width, depth and slopes, the road and ditch were a hazard to motorists and a guide rail system should have been in place to prevent vehicles from sliding off the road into it. Other alternatives to remedy the hazard presented by this ditch, according to these experts, included filling in the ditch to its original design depth, altering its slopes to make them less steep, reducing its width or utilizing underground piping to accommodate culvert outfall. These experts further opined that these failures on defendant's part were a proximate cause of this accident. As triable issues of fact remained unresolved on this record, summary judgment in defendant's favor was unwarranted (*see Hill v Town of Reading, supra*; *Merchant v Town of Halfmoon*, 194 AD2d 1031 [1993]; *cf. Abair v Town of N. Elba, supra*; *Sherman v County of Cortland, supra*).

Two final points merit brief discussion. First, since questions of fact exist concerning whether defendant affirmatively created the defective condition of the road, the absence of prior written notice of such defect did not entitle it to summary judgment (*see e.g. Gagnon v City of Saratoga Springs*, 14 AD3d 845 [2005]; *Akley v Clemons*, 237 AD2d 780, 781-782 [1997]). Furthermore, defendant did not sufficiently demonstrate that it engaged in a deliberate decision-making process concerning the subject road and, therefore, failed to demonstrate its entitlement to summary judgment on the basis of qualified immunity (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Winney v County of Saratoga*, 8 AD3d 944, 945 [2004]; *Merchant v Town of Halfmoon, supra*).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

**3.** According to plaintiff's submissions, defendant "re-ditched" the area of the subject curve in 1999 at which time the subject ditch was made "noticeably deeper and steeper."