*1126 Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 26, 2007 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Concrete Applied Technologies Corporation, doing business as CATCO, for summary judgment and denied the motion of defendant URS Corporation for summary judgment or, in the alternative, for a bifurcated trial.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a motorcycle accident that occurred at a construction site at the intersection of two streets. In appeal No. 1, Concrete Applied Technologies Corporation, doing business as CATCO (CATCO), and URS Corporation (URS) (collectively, defendants) appeal from an order that, inter alia, denied their respective motions in which they each sought summary judgment dismissing the complaint against them, and URS in the alternative sought a bifurcated trial. In appeal No. 2, defendants appeal from an order that settled the record in appeal No. 1 by providing, at the request of plaintiff, that certain medical records and affidavits referring to his alleged intoxication shall not be included in the record in appeal No. 1 and that certain stenographic records and affidavits included in the record in appeal No. 1 shall redact references to plaintiffs intoxication, despite the fact that those references to plaintiffs intoxication were included in materials submitted by defendants in support of their respective motions in appeal No. 1. We granted defendants’ motion to consolidate the appeals.
Addressing first the order in appeal No. 2, we conclude that Supreme Court erred in redacting all references to plaintiffs alleged intoxication from the record in appeal No. 1. In the memorandum and order of this Court granting defendants’ motion to consolidate the appeals, we explicitly directed Supreme Court to include in the record in appeal No. 1 all documents that were before the court in appeal No. 1, and we stated that we would “take judicial notice of any omitted documents.” The redacted documents and all references to plaintiffs alleged intoxication *1127 in the materials before the court should have been included in the record in appeal No. 1, and we therefore modify the order in appeal No. 2 accordingly.
With respect to the merits of the order in appeal No. 1, we conclude that, even considering the excluded and redacted records, the court properly denied the motions of defendants insofar as they sought summary judgment dismissing the complaint against them. First, defendants failed to establish as a matter of law that plaintiff’s alleged intoxication was “the sole proximate cause of the accident” (Hyland v Calace, 244 AD2d 318, 319 [1997]; see Shevalier v Bentley, 268 AD2d 622, 624 [2000]).
Second, defendants failed to establish as a matter of law that they did not owe a duty to plaintiff. CATCO, as a contractor on the construction project, failed to establish that it did not “create[ ] an unreasonable risk of harm to others, or increase[ ] that risk” (Church v Callanan Indus., 99 NY2d 104, 111 [2002]), and it further failed to establish that plaintiff did not reasonably rely on CATCO’s continuing performance of a contractual obligation (see id. at 111-112; Espinal v Melville Snow Contrs., 98 NY2d 136, 139-140 [2002]). URS, as a design and supervisory engineer on the construction project, failed to establish that it did not “commit[ ] an affirmative act of negligence” (Fecht v City of New York, 244 AD2d 315, 315 [1997]; see D'Andria v County of Suffolk, 112 AD2d 397, 399 [1985]). Furthermore, URS submitted evidence that it performed safety duties and supervised and controlled CATCO’s performance of those duties and, if it did so, URS would owe a duty to plaintiff (see D'Andria, 112 AD2d at 399; see also Haden v Fenley & Nicol Envtl., 273 AD2d 273 [2000]; cf. Giordano v Seeyle, Stevenson & Knight, 216 AD2d 439, 440 [1995]).
Third, we conclude that defendants failed to establish that plaintiff was “sufficiently familiar with the area such that [he was] aware of the physical conditions surrounding the roadways which additional warning signs . . . would have provided” (Howard v Tylutki, 305 AD2d 907, 908 [2003]; see Atkinson v County of Oneida, 59 NY2d 840, 842 [1983], rearg denied 60 NY2d 587 [1983]; Perry v Kazolias, 302 AD2d 575, 576 [2003]). Defendants therefore failed to establish as a matter of law that “the absence of additional warning signs could not be a proximate cause of the accident” (Perry, 302 AD2d at 576).
Although defendants are correct that the fact that there were no prior complaints concerning the construction site and no prior accidents at the site is a relevant factor in addressing their alleged negligence (see generally Smythe v Woods, 41 AD3d
*1128 1130, 1131 [2007]), that factor alone does not establish as a matter of law that defendants were not negligent. Indeed, defendants submitted evidence establishing that one or both of the flashing lights on top of the barricades might have been malfunctioning at the time of the accident, and they further submitted evidence that the drop-off at the construction site from the pavement to the gravel was “considerable.” Thus, although certain facts were not disputed, such as the fact that available warning signs were not used, we nevertheless conclude that the determination whether defendants were negligent is for the trier of fact (see Ugarriza v Schmieder, 46 NY2d 471, 474 [1979]; Huff v Rodriguez, 45 AD3d 1430, 1431 [2007]). Defendants’ contention that plaintiff will not be able to prove that defendants were negligent is unavailing. As we have repeatedly stated, a party cannot meet its burden on a summary judgment motion by noting gaps in its opponent’s proof (see e.g. Higgins v Pope, 37 AD3d 1086, 1087 [2007]; Orcutt v American Linen Supply Co., 212 AD2d 979, 980 [1995]). Inasmuch as each defendant failed to meet its initial burden of establishing its entitlement to judgment as a matter of law, the burden never shifted to plaintiff to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, we conclude that the court properly denied that part of the motion of URS seeking, in the alternative, a bifurcated trial. “As a general rule, issues of liability and damages in a negligence action are distinct and severable issues which should be tried separately” (Piccione v Tri-main Dev., 5 AD3d 1086, 1087 [2004] [internal quotation marks omitted]; see Hrusa v Bogdan, 278 AD2d 947 [2000]; Guizzotti v English, 273 AD2d 932 [2000]). Here, however, plaintiff established that bifurcation would not “assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action” (22 NYCRR 202.42 [a]), and thus the court did not abuse its discretion in refusing to bifurcate the trial (see Iszkiewicz v Town of Lancaster, 16 AD3d 1163 [2005]; Mazur v Mazur, 288 AD2d 945 [2001]). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.