DAWN DENNIS, Individually and as Parent and Natural Guardian of MARISSA RIOS, an Infant, Appellant, v ROBERT VANSTEINBURG, Defendant, and VILLAGE OF ILION, Respondent.
[881 NYS2d 738]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered April 8, 2008 in a personal injury action. The order granted the motion of defendant Village of Ilion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, individually and on behalf of her daughter, commenced this action seeking damages for injuries sustained by her daughter when she was struck by a vehicle driven by Robert Vansteinburg (defendant). At the time of the accident, plaintiff's daughter was attempting to cross a two-lane road maintained by defendant Village of Ilion (Village) in order to reach a park. According to plaintiff, the Village was negligent in, inter alia, failing to reduce the speed limit on the road, failing to warn drivers of the presence of children at play and failing to install a crosswalk in the area of the accident. We conclude that Supreme Court properly granted the motion of the Village for summary judgment dismissing the complaint "and all cross claims" against it. Even assuming, arguendo, that the Village breached its duty to maintain the road in a reasonably safe condition (see generally Lifson v City of Syracuse, 41 AD3d 1292, 1293 [2007]), we conclude that the Village established that any such breach was not a proximate cause of the accident (see Hamilton v State of New York, 277 AD2d 982, 984 [2000], lv denied 96 NY2d 704 [2001]), and plaintiff failed to raise a triable issue of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of the motion, the Village submitted the deposition testimony of defendant in which he testified that he had lived in the area where the accident occurred for over 40 years and that, on numerous occasions prior to the accident, he had observed children cross the road to play in the park. Defendant further testified that he did not need signs on the road to alert him that there were children in the area. Inasmuch as defendant was

"well acquainted" with the road, any negligence on the part of the Village "cannot be deemed a proximate cause of [the] injuries" sustained by plaintiff's daughter (*Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983], *rearg denied* 60 NY2d 587 [1983]; *see Clark v City of Lockport*, 280 AD2d 901, 902 [2001], *lv dismissed in part and denied in part* 96 NY2d 932 [2001]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Green, JJ.