■ JAMES F. FEENEY, Individually and as Executor of GRACE M. FEENEY, Deceased, Respondent, v ROBERT HOLEMAN et al., Defendants, TOWN OF BROOKHAVEN, Appellant-Respondent, and COUNTY OF SUFFOLK, Appellant. [900 NYS2d 451]—

In an action to recover damages for personal injuries, etc., the defendant Town of Brookhaven appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 6, 2009, as denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, and the defendant County of Suffolk separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff-respondent, the motion of the defendant Town of Brookhaven for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it is granted, and the motion of the defendant County of Suffolk for summary judgment dismissing the amended complaint insofar as asserted against it is granted.

On October 20, 2004, the defendant Tannith Osborne was driving southbound on Suffolk County Route 51 in the vicinity of its intersection with Eastport Manor Road in the Town of Brookhaven. She was familiar with the roadway, the intersection, and the traffic signals at the intersection. Osborne did not see the traffic light change from green to red, proceeded through the red light, and collided with a car driven by the plaintiff's decedent, Grace M. Feeney, which was traveling east on Eastport Manor Road.

In the amended complaint, the plaintiff alleged that the defendants Town of Brookhaven and County of Suffolk were negligent in the design and maintenance of the roadway where

the accident occurred. Even assuming that either the Town or the County were negligent, they each established their prima facie entitlement to judgment as a matter of law by demonstrating that their conduct was not a proximate cause of the accident (*see Martinez v County of Suffolk*, 17 AD3d 643, 644 [2005]; *Perry v Kazolias*, 302 AD2d 575 [2003]; *Stanford v State of New York*, 167 AD2d 381, 382 [1990]). Rather, the conduct of Osborne, who admitted to talking on her cell phone while driving, and who proceeded into the intersection against the red light, severed any connection between the alleged negligence of the County or the Town and the happening of the accident (*see Martinez v County of Suffolk*, 17 AD3d at 644; *Perry v Kazolias*, 302 AD2d at 575; *Muhlrad v Town of Goshen*, 231 AD2d 615, 616 [1996]; *Stanford v State of New York*, 167 AD2d at 382; *see also DeBolt v Barbosa*, 278 AD2d 764, 765 [2000]). Furthermore, since Osborne was familiar with the roadway and the subject intersection, the absence of additional warning signs or a strobe light could not be proximate causes of the accident (*see Perry v Kazolias*, 302 AD2d at 576; *Gattone v Conlan*, 299 AD2d 394, 394-395 [2002]; *Tishler v Town of Brookhaven*, 205 AD2d 611, 612 [1994]). Accordingly, since the plaintiff failed to raise a triable issue of fact with respect to the Town or the County, the Supreme Court should have awarded summary judgment to both the County and the Town. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.