# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**994**

**CA 14-00123**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND VALENTINO, JJ.

---

MARILYN ULICKI, AS EXECUTRIX OF THE ESTATE OF
MARY A. MACHNIK, DECEASED, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

RAYMOND P. JARKA, ET AL., DEFENDANTS,
AND COUNTY OF ERIE, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF ERIC B. GROSSMAN, WILLIAMSVILLE (ERIC B. GROSSMAN OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (ANTHONY B. TARGIA OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered August 29, 2013.  The order, insofar as appealed from, granted the motion of defendant County of Erie for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this personal injury and wrongful death action on behalf of the estate of her mother (decedent), who was struck and killed by a vehicle operated by defendant Raymond P. Jarka.  At the time of the accident, decedent was walking either to or from her mailbox across a street owned and maintained by defendant County of Erie (County).  According to plaintiff, the County was negligent in, inter alia, improperly maintaining a street with poor visual sight lines, improper lane widths, manhole covers out of position or loosened, and other dangers posed to residents who attempt to cross the road to retrieve mail.  We conclude that Supreme Court properly granted the County's motion for summary judgment dismissing the complaint against it.  Even assuming, arguendo, that the County breached its duty to maintain the road in a reasonably safe condition (*see generally Lifson v City of Syracuse*, 41 AD3d 1292, 1293), we conclude that the County established that any such breach was not a proximate cause of the accident (*see Hamilton v State of New York*, 277 AD2d 982, 984, *lv denied* 96 NY2d 704), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  In support of the motion, the County submitted the deposition testimony of Jarka in which he testified that decedent was fully in his lane of travel at the time of impact; his view was unobstructed; he did not recall

having to take any evasive maneuvers because of a manhole cover; he had driven over the accident scene at least 100 times prior thereto; and decedent walked in front of his truck.  Under these circumstances, any negligence on the part of the County cannot be deemed a proximate cause of decedent's injuries and death (*see Dennis v Vansteinburg*, 63 AD3d 1620, 1620-1621).

Contrary to plaintiff's further contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76, 80-81) is not applicable in this case inasmuch as the County and plaintiff were "on an equal footing with respect to knowledge of the occurrence" (*Lynn v Lynn*, 216 AD2d 194, 195; *see Morris v Solow Mgt. Corp. Townhouse Co., L.L.C.*, 46 AD3d 330, 331, *lv dismissed* 11 NY3d 751).

We have considered plaintiff's remaining contentions and conclude that they are without merit.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court