Conley v Pinelli Landscaping, Inc. (2024 NY Slip Op 03240)

Conley v Pinelli Landscaping, Inc.

2024 NY Slip Op 03240

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

50 CA 22-01021

[*1]KEVIN CONLEY AND DENISE CONLEY, PLAINTIFFS-APPELLANTS,
v
PINELLI LANDSCAPING, INC., DEFENDANT-RESPONDENT. 

PAUL WILLIAM BELTZ, LLC, BUFFALO, MAGAVERN MAGAVERN GRIMM LLP (EDWARD J. MARKARIAN OF COUNSEL), AND LAW OFFICE OF DAVID TENNANT PLLC, ROCHESTER, FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK, LLP, BUFFALO (THOMAS A. DIGATI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered June 1, 2022. The order and judgment, among other things, dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Kevin Conley (plaintiff) when he tripped and fell after striking his foot against the lowered tailgate of a trailer hitched to defendant's parked truck. Plaintiffs appeal from an order and judgment that, inter alia, dismissed the complaint upon a jury verdict in favor of defendant, which determined that defendant's lowered, unmarked tailgate did not create an unsafe condition. We affirm.
We reject plaintiffs' contention that Supreme Court erred in precluding evidence that defendant's truck and trailer were improperly or illegally parked. The location of defendant's vehicles " 'merely furnished the condition or occasion for the occurrence of the event' and was not one of its causes" (Mendrykowski v New York Tel. Co., 2 AD3d 1410, 1410 [4th Dept 2003]).
Even assuming, arguendo, that plaintiffs preserved their contention that they were entitled to an instruction pursuant to Noseworthy v City of New York (298 NY 76, 80-81 [1948]) based on plaintiff's amnesia (see generally Calhoun v County of Herkimer, 169 AD3d 1495, 1497-1498 [4th Dept 2019]), we conclude that such a charge is not applicable in this case inasmuch as plaintiffs and defendant were "on an equal footing with respect to knowledge of the occurrence" (Lynn v Lynn, 216 AD2d 194, 195 [1st Dept 1995]; see Ulicki v Jarka, 122 AD3d 1267, 1268 [4th Dept 2014]; Morris v Solow Mgt. Corp. Townhouse Co., L.L.C., 46 AD3d 330, 331 [1st Dept 2007], lv dismissed 11 NY3d 751 [2008]).
Upon our review of the record, we conclude that the verdict is supported by legally sufficient evidence (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]) and that it is not against the weight of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court