■ ANDREW APPELBAUM, Appellant-Respondent, v COUNTY OF SULLIVAN, Respondent-Appellant. [635 NYS2d 349] —Yesawich Jr., J. Cross appeals from an order of the Supreme Court (Bradley, J.), entered January 26, 1995 in Sullivan County, which, *inter alia*, partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was severely injured in a one-car accident which occurred on County Route 47 in the Town of Highland, Sullivan County. While driving in an eastbound direction on that road, plaintiff lost control of his vehicle, which ostensibly veered onto the unpaved right shoulder, and then proceeded back onto the paved surface, crossed the road and traveled approximately 12 feet beyond the pavement edge before going over an embankment and flipping several times. Plaintiff, who remembers nothing of the unwitnessed accident, charges that defendant's negligent design and maintenance of the road caused the accident and resultant injuries, for which he seeks to recover. Defendant's motion to dismiss the action in its entirety was granted in part, prompting these cross appeals.

It is plaintiff's contention that defendant was negligent in three respects: by failing to maintain the eastbound shoulder of the road, particularly, by permitting a three-inch depression therein, allegedly formed by rainwater, to persist, despite having notice of and an opportunity to remedy the same; by failing to provide a guardrail on the westbound side of the road to protect the traveling public from the peril created by the embankment; and by failing to post proper signs warning drivers of the curve and the need to reduce speed at the site of the accident. Although recognizing that plaintiff's submissions raise questions with regard to several factual matters, including the speed at which he was traveling immediately prior to the accident, defendant contends that even if each of these matters are resolved in plaintiff's favor, summary judgment dismissing the entire complaint is nevertheless warranted, as the record does not support a finding of negligence on any of the three grounds.

As for the allegation that the shoulder was negligently maintained, we agree with defendant that even when the record is considered in the light most favorable to plaintiff, it does not demonstrate actual or constructive notice of the defect, a prerequisite to recovery under County law (*see*, Highway Law § 139; Local Laws, 1982, No. 9 of County of Sullivan). In an attempt to meet his burden in this respect, plaintiff—who evidently concedes that defendant had not been notified in writing of the defect prior to the accident—relies on the deposition testimony of a County official, who stated that he performs a drive-by inspection of all County roads, including Route 47, on a monthly basis. This does not establish either actual or constructive notice, however, for proof is lacking that the condition complained of existed for a sufficient period of time prior to the accident for it to have been discovered in the course of such an inspection (*see*, *Goldblatt v State of New York*, 72 AD2d 886, 887; *compare*, *Putnam v Stout*, 38 NY2d 607, 612; *Carlino v City of Albany*, 118 AD2d 928, 930, *lv denied* 68 NY2d 606). Accordingly, this portion of the complaint should have been dismissed.*

As for the other two charges of negligence, those premised on lack of a guardrail and lack of warning signs, defendant

---

* Moreover, while plaintiff's expert states that the car entered this "depression" prior to crossing the road, nothing in the record indicates that this was in any way a cause of his subsequent loss of control, which resulted in the accident, nor has plaintiff tendered any evidence in support of his contention that the failure to remedy the depression was a breach of any standard of road maintenance, or was otherwise negligent.

contends that these aspects of the road design represent municipal planning decisions, and as such may not be the basis for imposition of liability (*see, Friedman v State of New York*, 67 NY2d 271, 283; *Weiss v Fote*, 7 NY2d 579, 588), in the absence of a showing that they were the product of a plan that was "evolved without adequate study or lacked reasonable basis" (*Weiss v Fote, supra*, at 589), or that the municipality had a duty to review the plan "in the light of its actual operation" (*supra*, at 587; *Gutelle v City of New York*, 55 NY2d 794, 795). Alternatively, defendant suggests that plaintiff has failed to show that the asserted deficiencies were violative of any established standard, or that they were a proximate cause of the accident.

The first of these arguments must be rejected, for it is defendant who has the burden initially of demonstrating, prima facie, its right to judgment on the basis of qualified immunity; it must show that the decision to refrain from placing a guardrail or warning signs on the curve was the product of a deliberative decision-making process, of the type afforded immunity from judicial interference (*see, Cummins v County of Onondaga*, 198 AD2d 875, 877, *affd* 84 NY2d 322; *Bailey v Honda Motor Co.*, 144 AD2d 119, 120-121, *lv denied* 73 NY2d 705; *compare, Friedman v State of New York, supra*, at 285; *Van De Bogart v State of New York*, 133 AD2d 974, 976). Only after such a showing has been made does the burden shift to plaintiff to present evidence supporting a finding that immunity should be denied on one of the grounds set forth in *Weiss v Fote* (*supra*, at 586). While defendant's expert refers to the results of a " 'ballbank' " test (*Rittenhouse v State of New York*, 134 AD2d 774, 775), it is not clear that this information was available to County officials prior to the accident, or that it formed the basis for their decision to refrain from posting an advisory speed sign on the curve.

Nor can the questions as to whether defendant breached its duty to provide a reasonably safe highway, and, if so, whether that breach was a proximate cause of the accident or aggravated plaintiff's injuries, be resolved at this juncture. Significantly, defendant's assertion that the road was "built safely according to the construction standards existing at the time" must be disregarded, because there is no support for this representation in the record (*see, Cordts v State of New York*, 125 AD2d 746, 748). Moreover, the specifications of the "Guiderail III" manual, coupled with the averment by plaintiff's expert that the embankment at issue was a "severe, descending grade", 15 feet in height, and that a guardrail was neces-

sary, are enough to raise a question as to whether the failure to furnish such a rail—which, we believe, is intended to protect a vehicle, regardless of its initial course of travel, from leaving the roadway when hazardous conditions are present (*cf., supra*, at 747-748)—may have been a breach of defendant's duty to provide a safe highway (*see, Gutelle v City of New York, supra*, at 795).

Furthermore, on this record, it cannot be said definitively that proper signs were provided. The disparate expert testimony as to the actual radius of the curve, along with the reference by plaintiff's expert to section 231.1 of the Manual of Uniform Traffic Control Devices—apparently intended to be a reference to <u>Figure</u> 231-1, which delineates a means of determining the advisory speed for a curve given its radius and superelevation—as a basis for his opinion that the curve should have been posted with an advisory speed of 45 miles per hour, raise factual questions in this regard.

Finally, although plaintiff was somewhat familiar with the road, he did not drive it with such frequency that it can be said, as a matter of law, that his familiarity superseded any negligence on the County's part (*see, Alexander v Eldred*, 63 NY2d 460, 468-469; *compare, Atkinson v County of Oneida*, 59 NY2d 840, 842). Given the controversy as to plaintiff's speed, proximate cause is an issue better left for the trier of fact.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion regarding the claim based on the failure to provide a guardrail and (2) denied the motion regarding the claim based on the failure to maintain the road shoulder; motion denied regarding the guardrail claim and granted regarding the road shoulder claim, and the road shoulder claim is dismissed; and, as so modified, affirmed.