■ ROBERTA TEMPLE et al., Respondents, v CHENANGO COUNTY, Appellant. [644 NYS2d 587] —Cardona, P. J.

Plaintiff Roberta Temple (hereinafter plaintiff) was injured in a one-car accident which occurred on County Route 2 in the community of Smithville Flats, Chenango County. According to plaintiff, while driving on that road she swerved to avoid a cat and, in so doing, lost control of her car, veered off the road, went over a steep embankment, struck a tree and landed in a creek. Plaintiff alleges that defendant was negligent in, *inter alia*, failing to place guiderails or guardrails in the area where her car left the road. After discovery both sides moved for summary judgment. Supreme Court denied all motions. Defendant appeals.

Defendant contends that it is entitled to summary judgment in that it did not breach any duty owed to plaintiff by not positioning guiderails in the vicinity of the accident. In our view, the question of whether defendant owed a duty and whether it was breached cannot be resolved at this juncture. Municipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition (*see, Friedman v State of New York*, 67 NY2d 271, 283; *Gutelle v City of New York*, 55 NY2d 794, 795). It is also true that if a road is constructed and built in accordance with good engineering practices existing at the time, the municipality's liability is limited (*see, Weiss v Fote*, 7 NY2d 579). Municipal planning decisions may not be the basis for imposing liability where there has been no showing that the municipality violated its duty to review the plan in light of actual operation (*see, Gutelle v City of New York, supra*) or that the adopted plan was the result of inadequate study or lacks a rational

basis (*see, Weiss v Fote, supra; Zalewski v State of New York,* 53 AD2d 781; *see also, Appelbaum v County of Sullivan,* 222 AD2d 987).

Here, there is a question of fact as to whether defendant met these obligations. Defendant's experts opined that the road was constructed and maintained in a manner consistent with good and accepted highway design and engineering practice and that guiderails were not called for at the location of plaintiff's accident. Defendant's highway engineer, however, stated only that "upon information and belief" the road was designed and built in accordance with accepted design requirements "as evidenced by the absence of any incidents * * * during the more than 50 years during which this roadway was in existence". Further, while defendant points to a 1964 publication indicating that no guidelines had been established as to where guiderails were needed, it is not clear that this formed the basis for the decision not to use guiderails on this road. Thus, there are questions of fact as to whether the lack of a guiderail was part of a duly executed plan or was installed in conformity with accepted engineering standards on the date of construction (*see, Lacey v Horan,* 119 AD2d 806).

Nor can the question as to whether defendant breached its duty to provide a reasonably safe highway be answered at this stage of the proceeding. Defendant presented evidence indicating that the road was lightly traveled, generally straight at the site of the accident and that, although there had been previous accidents in the vicinity, the closest one to plaintiff's was $3/10$ of a mile away. Plaintiffs presented the original design drawings for the road which included cable guiderails at the area of the accident. According to plaintiffs' expert, the original drawings called for the road surface to be much closer to the creek bed, namely nine feet rather than the 14 feet he found when examining the accident site. The expert opined that the road was reconstructed after it was originally built, resulting in a much steeper slope where the accident occurred. This expert determined that the embankment was deeper than six feet and its slope was "1 over 2".

The specifications of the State Department of Transportation's "Guiderail II" manual recommends guiderails for embankments greater than six feet in height if the slope is "1 on 2" or greater. In addition, "at points of particular danger along its highways * * * a municipality is obliged to provide barriers of sufficient strength to hold an automobile traveling at a reasonable rate of speed" (*Brady v City of New York,* 39 AD2d 600, 601; *see, Gomez v New York State Thruway Auth.,*

73 NY2d 724). Here, plaintiffs' expert opined that an embankment of the height and slope found at the site of the accident constituted such a point of danger. Although defendant's senior highway engineer disputed plaintiffs' estimation of the embankment's slope and height, plaintiffs' evidence was enough to raise a question of fact as to whether the failure to furnish a guiderail may have been a breach of defendant's duty to provide a safe highway (*see, Gutelle v City of New York*, 55 NY2d 794, 795, *supra*; *Appelbaum v County of Sullivan*, 222 AD2d 987, *supra*).

Defendant also contends that the lack of a guiderail was not the proximate cause of the accident insofar as it was plaintiff's unanticipated intervening act of swerving that caused her to lose control of her vehicle resulting in the accident. One of defendant's experts opined that even if a guiderail had been in place, the accident would not have been prevented. Plaintiffs' expert, however, averred that a guiderail would have prevented plaintiff's vehicle from going down the embankment and her resulting injuries. In rejecting defendant's argument, we note that the fact that the alleged defect "did not cause plaintiff's vehicle to leave the roadway in the first instance is of no moment. As long as it can be demonstrated that the [defects] were a substantial factor in aggravating plaintiff's injuries, a cause of action may be upheld" (*Gutelle v City of New York, supra*, at 796; *see, Stuart-Bullock v State of New York*, 33 NY2d 418, 421; *Kirisits v State of New York*, 107 AD2d 156). Given the experts' conflicting assertions, we find that a question of fact was raised in this regard.

Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.