BRENDA HILL, Appellant, v TOWN OF READING et al., Respondents, et al., Defendant. [795 NYS2d 126]—

914

Mugglin, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered September 23, 2003 in Schuyler County, which granted motions by defendants Town of Reading and County of Schuyler for summary judgment dismissing the complaint against them.

Defendant Benjamin Cornish, the operator of a pickup truck, failed to stop at a stop sign on Atlay Road at its intersection with County Route 27 in the Town of Reading, Schuyler County. As a result, he collided with plaintiff's vehicle which was proceeding in a northerly direction on Route 27. The collision propelled both vehicles into the ditch along Route 27 where plaintiff's vehicle, because of the steep side and depth of the ditch, turned over. Plaintiff commenced this action against Cornish, defendant Town of Reading and defendant County of Schuyler. After joinder of issue, both the Town and County moved for summary judgment dismissing the complaint, as well as all cross claims, against them. Supreme Court granted summary judgment in favor of both municipalities, concluding that any municipal negligence associated with the maintenance of the drainage ditch was not a proximate or concurring cause of the accident and that the drainage ditch did not create an unreasonably unsafe condition. Plaintiff appeals.

Faced with irrefutable evidence that the Town is not responsible for the maintenance of Route 27 and, thus, has no legal duty to plaintiff with respect thereto (*see Winney v County of Saratoga*, 8 AD3d 944, 945 [2004]), plaintiff seeks to establish liability against the Town based on a claim that the Town's negligent maintenance of the ditch adjacent to Atlay Road caused excessive amounts of storm water runoff into the ditch adjacent to Route 27 which contributed to its erosion. Plaintiff further claims that the Route 27 ditch is unsafe and substandard according to Department of Transportation guidelines because of its depth, grade and proximity to the traveled portion of the highway. Even if such a proposition could be factually established at trial, this does not establish that the Town owed a duty to plaintiff with respect to maintenance of the drainage ditch adjacent to Route 27. That duty rests solely with the County. Whether or not a duty exists is a matter of law (*see Eiseman v State of New York*, 70 NY2d 175, 187 [1987]) and, as the Town owed none to plaintiff, the complaint was properly dismissed against the Town.

With respect to the County, however, we reach a different conclusion. First, with respect to the issue of proximate cause, Supreme Court incorrectly focused only on the initial collision. Here, plaintiff's expert witness affidavits raise issues of fact that her injuries were caused or exacerbated by a second collision when plaintiff's car hit the side of the ditch[1] and overturned. Under these circumstances, the issue becomes what was the proximate cause of her injuries (*see Kirisits v State of New York*, 107 AD2d 156 [1985]). That the ditch did not cause her to leave the highway in the first instance is of no moment (*see Gutelle v City of New York*, 55 NY2d 794, 796 [1981]).

Second, we address Supreme Court's additional conclusion, in reliance on *Tomassi v Town of Union* (46 NY2d 91 [1978]), that the ditch posed no unreasonably unsafe condition for the prudent driver. As we find *Tomassi* and its progeny, including *Sherman v County of Cortland* (18 AD3d 908 [2005] [decided herewith]), to be distinguishable, we hold that this issue cannot be decided as a matter of law. In *Tomassi*, "[t]he single issue [addressed] is whether the town may be held to answer in damages for permitting the ditch[2] to exist on the sides of Buffalo Street" (*Tomassi v Town of Union, supra* at 96-97). Unaddressed in that decision is the claim made herein that the municipality's negligence consisted of failing to erect a guide rail to guard against a steep slope in close proximity to the road. The Court of Appeals in *Tomassi* implicitly recognized that a municipality can be negligent in the design, construction or maintenance of a street, but held that record to be devoid of evidence that any such negligence was the proximate or concurring cause of the accident. We agree that a general rule, based upon *Tomassi*, has emerged in which a municipality's duty to a motorist is one limited to reasonable safety of those portions of the road intended for vehicular use (*see e.g. Kimber v State of New York*, 294 AD2d 692, 694 [2002]), *lv denied* 99 NY2d 501 [2002]). Nevertheless, important exceptions have developed to this general rule, one of which has particular applicability to the facts of this case (*see Cave v Town of Galen*, 4 Misc 3d 1026[A], 2004 NY Slip Op 51073[U], *10-16). This exception applies where certain roadside hazards are so inherently dangerous that the municipality has a duty to prevent vehicles from leaving the road or, if

---

1. Plaintiff's submissions, if established at trial, would show that the ditch in question was, at various places, between approximately six feet and nine feet from the edge of the traveled way, had nearly perpendicular sides and a depth of approximately five feet. Moreover, a portion of the shoulder of the highway had eroded.

2. Elsewhere in the opinion this ditch is described as a "shallow stormwater drainage ditch" (*Tomassi v Town of Union, supra* at 96).

they do, to eliminate the danger (*see Gomez v New York State Thruway Auth.*, 73 NY2d 724 [1988]; *Temple v Chenango County*, 228 AD2d 938, 939-940 [1996]; *Brady v City of New York*, 39 AD2d 600, 601 [1972]). On the issue of whether a guide rail should have been erected, the County's evidence failed to shift the burden to plaintiff to lay bare her evidence on this issue. In his affidavit, the County's expert contrasts drainage ditches (as herein involved) with a "simple side slope" to a highway, but then employs side slope criteria in an attempt to demonstrate when a guide rail should be installed. Notably, he neither discusses drainage ditch criteria with respect to guide rails nor does he opine that a guide rail should not have been installed at this site, merely concluding—by application of engineering, not medical principles—that plaintiff would have been more severely injured by the guide rail than she was by impacting the ditch. Nevertheless, plaintiff's expert did submit his opinion that the presence of a guide rail would have prevented plaintiff's car from coming to an abrupt stop in the ditch, exacerbating her injuries. As this triable issue of fact remains unresolved on this record, summary disposition in favor of the County was inappropriate.

Peters, J.P., and Lahtinen, J., concur.

Kane, J. (concurring). I concur to the extent that liability on the part of defendant County of Schuyler can only be established if the roadway in question was subject to the standards in the Department of Transportation Highway Design Manual, including its related publications Guardrail I, II and III, and the County somehow failed to comply with those standards. A municipality cannot be held liable for failing to adhere to engineering standards which are not applicable to the roadway in question (*see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]). Here, plaintiff's expert postulates that the Manual's standards apply and were violated. The County's expert asserts that those standards are inapplicable to the roadway in question, but provides no factual basis or citation to the Manual itself to support that assertion. Because there are questions of fact regarding the applicability of the Manual's guide rail standards and the County's compliance therewith, I concur that the County is not entitled to summary judgment at this time.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant County of Schuyler; said motion denied; and, as so modified, affirmed.