■ MONICA RUSSO-MARTORANA et al., Respondents, v DENO THEOPHILAKOS, Respondent, and TOWN OF LLOYD, Appellant. [847 NYS2d 696]—

Lahtinen, J. Appeal from an order of the Supreme Court (Zwack, J.), entered January 26, 2007 in Ulster County, which denied a motion by defendant Town of Lloyd for summary judgment dismissing the complaint against it.

This case arises from a motor vehicle accident between plaintiff Monica Russo-Martorana (hereinafter plaintiff) and defendant Deno Theophilakos (hereinafter defendant) at the Y intersection of two rural roads in the Town of Lloyd, Ulster County. In addition to suing the driver of the other vehicle, plaintiff included the Town as a defendant contending that the Y intersection was not reasonably safe for travelers. The Town's motion for summary judgment was denied and it now appeals.

It is well-settled law that "[m]unicipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition" (*Temple v Chenango County*, 228 AD2d 938, 938 [1996]; *see Gutelle v City of New York*, 55 NY2d 794, 795 [1981]; *Hill v Town of Reading*, 18 AD3d 913, 915-916 [2005]). This duty is fulfilled if a " 'highway may be said to be reasonably safe for people who obey the rules of the road' " (*Duger v Estate of Carey*, 295 AD2d 878, 878-879 [2002], quoting *Tomassi v Town of Union*, 46 NY2d 91, 97 [1978]). If factual issues exist regarding a breach of this duty, summary judgment nevertheless is appropriate when the proof negates proximate cause as a matter of law (*see Abair v Town of N. Elba*, 35 AD3d 935, 936 [2006]; *Howard v Tylutki*, 305 AD2d 907, 908 [2003]).

The subject Y intersection is comprised of two Town roads, Bellevue Road and Clearwater Road. Bellevue Road forms the base and left arm of the Y, with the right arm of the Y being Clearwater Road. The section of Bellevue Road forming the base of the Y is on the north side of the intersection and, just prior to the accident, defendant was on that section traveling south at the same time that plaintiff was traveling in a general northerly direction on Clearwater Road. Immediately before the intersection, a southbound traveler on Bellevue Road would start bearing to the right and, if desiring to continue on Bellevue Road (as was defendant's intent), must then turn to the left (although at somewhat less than a 90-degree angle). A southbound traveler on Bellevue Road who plans to go onto Clearwater Road basically encounters a continuous gentle arch to the right. A northbound traveler on Clearwater Road does not have a stop or yield sign at the intersection and, likewise, a southbound traveler on Bellevue Road encounters no signage. A

northbound traveler on the arm of Bellevue Road (i.e., the section south of the intersection) does have a stop sign. Visibility is poor in the area of the Y intersection because of the curves, narrow roads and tree growth near the roads. Unfortunately, both drivers entered the intersection at the same time, resulting in the subject accident.

Construing the evidence most favorably to the nonmovants (*see e.g. Card v Brown*, 43 AD3d 594, 595 [2007]), there is a genuine issue as the whether the configuration of the roads and lack of signage created reasonable confusion as to who had the right-of-way. Plaintiff, who had lived near the accident site for 17 or 18 years, believed she was free to proceed from Clearwater Road onto Bellevue Road without stopping. She did not have a stop or yield sign and the layout of the roads apparently gave the appearance of a continuous road when approaching the intersection on Clearwater Road. Moreover, as the traveler on the right, she generally would have the right-of-way over one bearing left across the road (*see* Vehicle and Traffic Law §§ 1140, 1141). On the other hand, defendant (who occasionally traveled these roads prior to the accident) was staying on Bellevue Road through the intersection; a continuous road with no warning that bearing to the left to stay on the same road required a yield to the intersecting road. Interestingly, the Town's highway superintendent, Frank Lombardi (who had held that position for 16 years), opined that a vehicle traveling south on Bellevue Road and staying on Bellevue Road through the intersection would have the right-of-way over one proceeding north from Clearwater Road. Upon questioning at his deposition, Lombardi acknowledged the feasibility of confusion caused by the prevailing configuration and lack of signage.

The proof in the record reveals the unusual situation of two people who were familiar with the intersection having reasonable divergent opinions as to the appropriate right-of-way and, thus, unlike many situations, familiarity of the roads by the drivers does not negate proximate cause as to the municipality. It is also apparent from review of the proof submitted by the parties that it cannot be said that this Y intersection was reasonably safe for prudent drivers as a matter of law.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.