■ VINCENZO POPOLIZIO, Respondent-Appellant, v COUNTY OF SCHENECTADY, Appellant-Respondent. [879 NYS2d 616]—

Cardona, P.J. Cross appeals from a judgment of the Supreme Court (Reilly Jr., J.), entered April 11, 2008 in Schenectady County, upon a verdict rendered in favor of plaintiff.

On a snowy night in December 2000, plaintiff was driving on Gallupville Road in the Town of Duanesburg, Schenectady

County, when he lost control of his car on a very steep downgrade and, unable to negotiate the sharp curve at the bottom of the hill, slid across the road and plunged head-on into a ditch. The ditch was 12 feet wide, more than four feet deep, V-shaped, and had steep sloping sides. The car angled downward when it entered the ditch and, as a result, when the front end struck the opposite slope, plaintiff's head hit the windshield frame above the airbag. The car was damaged beyond repair.

Plaintiff commenced this action against defendant, the owner of the road, alleging that defendant was negligent in its design and maintenance of the road and that, as a result, plaintiff sustained a traumatic brain injury.* A jury rendered a verdict in plaintiff's favor, awarding him $1 million for past pain and suffering and $3.6 million for future pain and suffering over a period of 23 years. Upon defendant's posttrial motion, Supreme Court declined to set aside the verdict, but agreed to reduce the award for past pain and suffering to $350,000 and the award for future pain and suffering to $1.25 million. The parties now cross-appeal, with plaintiff arguing that the full jury award should be reinstated, and defendant arguing that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence, that certain trial errors require reversal and, alternatively, that the damage award should be further reduced.

We begin with defendant's contentions regarding sufficiency of the evidence. Defendant argues that its duty to plaintiff was limited to maintaining in a reasonably safe condition those portions of the road intended for vehicular use, and because the uncontradicted trial evidence established that the traveled portion of the roadway was designed and maintained so as to be reasonably safe for the careful driver, the evidence was not legally sufficient to support the verdict. We do not agree. Notably, where roadside hazards such as drainage ditches are "inherently dangerous," a municipality has a "duty to prevent vehicles from leaving the road or, if they do, to eliminate the danger" (*Hill v Town of Reading*, 18 AD3d 913, 915-916 [2005]; *see Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725 [1988]). In this matter, plaintiff's highway and engineering experts presented proof that the design of the ditch deviated significantly from accepted standards for highway design. Further, they opined that, given its location alongside a right-angle curve at the foot of a very steep slope, the ditch was dangerous

---

* Defendant was previously granted partial summary judgment dismissing the complaint insofar as it alleged that defendant was negligent in failing to clear snow and ice from the road (49 AD3d 1117 [2008]).

and should have been eliminated, modified to render it traversable, or protected by a guide rail. Given this proof, we cannot say that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

Defendant next argues that there was insufficient proof of causation. Specifically, defendant contends that because the accident was not set in motion by the ditch but rather by plaintiff's own actions, as a matter of law the design and placement of the ditch could not be considered a proximate cause of the accident. Initially, we note that we implicitly rejected that argument in our previous decision in this case (49 AD3d 1117, 1118-1119 [2008]). Furthermore, the record reveals that the jury was appropriately charged, without objection, to decide whether defendant's negligence with respect to the ditch was a substantial cause of plaintiff's *injuries* (*see Lattanzi v State of New York*, 53 NY2d 1045 [1981], *affg* 74 AD2d 378, 380 [1980]; *Hill v Town of Reading*, 18 AD3d at 915; *Temple v Chenango County*, 228 AD2d 938, 940 [1996]). In that regard, legally sufficient evidence was presented by the expert testimony cited above which detailed the hazards inherent in the location and design of the ditch, along with the testimony of plaintiff's expert medical witnesses who opined that his brain injury was caused by the impact to his head when his car plunged into the ditch.

Defendant's argument that the verdict is against the weight of the evidence is limited to its contention that because the jury found plaintiff to be negligent, the apportionment of 100% of the fault to defendant is logically impossible. However, we note that the verdict sheet contemplates just such a possibility. Specifically, it instructs the jury that even where plaintiff is found to be negligent, it must nonetheless skip over the question regarding apportionment of liability unless it *also* finds that plaintiff's negligence was a *substantial factor* in causing plaintiff's injuries. Here, the jury found plaintiff negligent, but also found that his negligence was not a substantial factor in causing his injuries. As instructed, the jury thereafter apportioned no fault to him.

We further note that a jury's finding that a plaintiff was at fault but that such fault was not a substantial factor in causing his or her injury "is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Starr v Cambridge Green Homeowners Assn.*, 300 AD2d 779, 780 [2002] [internal quotation marks

and citation omitted]; *see Winter v Stewart's Shops Corp.*, 55 AD3d 1075, 1076 [2008]; *Nash v Fitzgerald*, 14 AD3d 850, 851 [2005]). Given the circumstances of plaintiff's accident, it would not have been unreasonable for the jury to determine that plaintiff was at fault in the operation of his car, but would not have sustained his injuries had the ditch been removed, rendered traversable or protected by a guide rail. Thus, the issues are not inextricably interwoven.

We are also unpersuaded by defendant's various assertions of trial error. Initially, we find that Supreme Court properly denied defendant's request for a missing witness charge as to plaintiff's son, daughter and brother-in-law. Defendant did not request such a charge until well after the close of proof and, moreover, was unable to demonstrate that their testimony would not have been cumulative (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]; *Gagnon v St. Clare's Hosp.*, 58 AD3d 960, 961 [2009]). Next, we find that the court responded appropriately when the jury initially returned inconsistent answers to certain questions on the verdict sheet. The court properly directed the jurors to reconsider their verdict (*see* CPLR 4111 [c]) and advised them that they were also free to revise any part of the verdict sheet accordingly. Finally, defendant's contention that the court erred by not instructing the jury that defendant could not be held liable for the snow and ice on the road was waived by defendant's failure to register a timely objection (*see* CPLR 4110-b), and we decline to intervene in the interest of justice as "we find no evidence of error so significant that the jury was prevented from fairly considering the issues at trial" (*Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002] [internal quotation marks and citation omitted]). Defendant's remaining contentions concerning evidentiary errors have been examined and found unpersuasive.

Lastly, we find the award of $1.25 million for future pain and suffering to be inadequate (*see* CPLR 5501 [c]). Plaintiff, who was 56 years old at the time of trial, suffered a traumatic brain injury that not only permanently altered his day-to-day life, but effectively changed who he is as a person. An IQ test taken after the accident revealed that his cognitive function now borders on mild retardation. Where he was formerly an active and successful business owner, he now relies on others to run his business, and where he once enjoyed many sporting activities and family gatherings, he now takes little pleasure in these things. His self-awareness of these changes has resulted in depression and retreat from his loved ones. Given the nature of plaintiff's injuries and the difficult challenges he faces each day, as well as his age and life expectancy, an award of $1.75 million more ac-

curately represents reasonable compensation for his damages. Accordingly, we modify the total damage award to $2.1 million.

Peters, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, on the facts, without costs, by reversing so much thereof as awarded plaintiff $1.25 million for future pain and suffering; new trial ordered on the issue of said damages unless, within 20 days after service of a copy of the order herein, defendant stipulates to increase the amount of said award to $1.75 million, in which event the judgment, as so modified, is affirmed.