■ KURTIS R. MADDEN, an Infant, by WENDY L. MADDEN, His Parent and Guardian, et al., Respondents-Appellants, v TOWN OF GREENE et al., Appellants-Respondents. [883 NYS2d 392]—

Garry, J. Cross appeals from an order of the Supreme Court (Rumsey, J.), entered May 21, 2008 in Chenango County, which, among other things, partially denied a motion by defendant Town of Greene for summary judgment dismissing the complaint against it.

In June 2003, plaintiff Kurtis Madden (hereinafter plaintiff), then 16 years old, was involved in a motor vehicle accident while driving with a friend (hereinafter the passenger) on Hotchkiss Road in the Town of Greene, Chenango County. Both plaintiff and the passenger were wearing shoulder belts but had not buckled their lap belts. Plaintiff allegedly has no memory of the accident, but the passenger testified that as the vehicle negotiated the second of two curves, plaintiff steered suddenly to the right and partially onto the shoulder in order to avoid an oncoming dump truck that appeared to be partially in plaintiff's lane of traffic. The passenger testified that plaintiff steered back onto the paved roadway but lost control of the vehicle, which then left the road in the area of a small bridge and culvert over a stream, descended a slope, crossed the stream, and came to rest on its roof. Plaintiff was severely injured.

Plaintiffs commenced this negligence action against defendants Chris Freeman and Dean Calice, the driver and the owner of the dump truck, respectively, and against defendant Town of Greene (hereinafter the Town), alleging that Freeman's negligent operation of the dump truck precipitated the accident by forcing plaintiff to take evasive action and that the Town negligently failed to install, maintain, and repair a sufficient guardrail that would have prevented plaintiff's vehicle from leaving the road. The Town moved for summary judgment dismissing the complaint on the ground that it had not received prior written notice of any defective highway condition and that any negligence on its part was not the proximate cause of plaintiff's injury. Freeman and Calice moved for summary judgment dismissing the complaint against them on proximate cause grounds, and plaintiffs cross-moved for partial summary judgment on the issue of the Town's alleged breach of its duty of care. Supreme Court denied all of the motions except that part

of the Town's motion relating to plaintiffs' claims of negligent maintenance and repair of the existing guardrail, which claims were dismissed pursuant to the Town's prior written notice law. These cross appeals ensued.

Local Law No. 1 (1974) of the Town of Greene provides that no civil action for damages or injuries to person or property arising out of alleged highway defects may be maintained against the Town in the absence of prior written notice. It is undisputed that no such notice was given. Plaintiffs' claims alleging negligent maintenance and repair of the existing guardrail were based on nonfeasance rather than on the affirmative creation of a defect or dangerous condition and were properly dismissed (*see Akley v Clemons*, 237 AD2d 780, 782 [1997]). Further, we agree with Supreme Court that plaintiffs' claims based on the Town's alleged negligent failure to design and install a sufficient guardrail were not subject to dismissal on prior written notice grounds because they relate to highway planning decisions that are not within the purview of this requirement (*see Lugo v County of Essex*, 260 AD2d 711, 713 [1999]). " '[M]unicipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition' " (*Russo-Martorana v Theophilakos*, 46 AD3d 1047, 1048 [2007], quoting *Temple v Chenango County*, 228 AD2d 938, 938 [1996]). The duty is generally "limited to reasonable safety of those portions of the road intended for vehicular use" (*Hill v Town of Reading*, 18 AD3d 913, 915 [2005]), but a roadside hazard such as a steep slope or a ditch may be so "inherently dangerous [that] a municipality has a 'duty to prevent vehicles from leaving the road or, if they do, to eliminate the danger' " (*Popolizio v County of Schenectady*, 62 AD3d 1181, 1182 [2009], quoting *Hill v Town of Reading*, 18 AD3d at 915-916 [internal quotation marks omitted]).

The fact that the guardrail in place at the time of the accident did not comply with current design standards is undisputed. The Town's highway superintendent averred by affidavit that it was the Town's policy to gradually upgrade culverts and roadways as repairs became necessary and as finances permitted, and that the culvert where the accident occurred had been marked with a delineator to indicate that it did not comply with current standards and should be upgraded when significant repairs or redesign were required. However, a municipality is not required to upgrade highways that complied with design standards when they were built merely because the standards were subsequently upgraded (*see Vizzini v State of New York*, 278 AD2d 562, 563 [2000]; *Merino v New York City Tr. Auth.*,

218 AD2d 451, 457 [1996], *affd* 89 NY2d 824 [1996]). Such upgrades become necessary when the roadway has a history of accidents or when the roadway undergoes significant repairs or reconstruction (*see Vizzini v State of New York*, 278 AD2d at 563). The Town contends that it had no duty to upgrade the guardrail because no previous accidents had occurred there and the roadway had no history of significant repair. In this regard, however, the record is deficient. The highway superintendent averred that many of the Town's culverts and most of its roads were constructed before current design guidelines became effective, but no evidence was provided as to when the culvert and guardrail where the accident occurred were constructed or what standards were in effect at that time. Questions of fact therefore exist as to whether the road complied with applicable engineering standards when it was built and whether any such standards formed the basis of the design and installation of the existing guardrail (*see Temple v Chenango County*, 228 AD2d at 939). Further, the Town did not establish its entitlement to qualified immunity as a matter of law for its highway planning decisions with regard to the original design and placement of the guardrail because it did not show that these determinations resulted from " 'a deliberate decision-making process' " (*Norton v Village of Endicott*, 280 AD2d 853, 854-855 [2001], quoting *Holmes v City of Elmira*, 251 AD2d 844, 845 [1998]; *see Popolizio v County of Schenectady*, 49 AD3d 1117, 1119 [2008]).

As to the road's history of significant repairs, one of the Town's experts stated that a "major" repaving of the highway took place in 1996. Merely overlaying a highway with new pavement, as opposed to "ripping it out and rebuilding it or reconfiguring it," does not constitute significant repair or reconstruction for the purpose of requiring a municipality to upgrade a roadway to comply with current design standards (*Hay v State of New York*, 60 AD3d 1190, 1192 [2009]). Whether the work performed in 1996 on this roadway was sufficiently extensive to constitute significant repair or reconstruction obligating the Town to upgrade the culvert and guardrail cannot be determined on this record because no evidence of the nature and extent of the work, other than the expert's brief reference, was provided. The limited proof before Supreme Court did not permit a determination whether the Town was negligent in the original design of the guardrail or in subsequently failing to modify the design. Supreme Court therefore properly denied both the Town's motion for summary judgment and plaintiffs' cross motion for summary judgment on the issue of the Town's alleged breach of duty.

Even when there are factual issues as to a breach of duty,

"summary judgment nevertheless is appropriate when the proof negates proximate cause as a matter of law" (*Russo-Martorana v Theophilakos*, 46 AD3d at 1048). The Town contends that it should have been granted summary judgment because plaintiff's accident was not proximately caused by the absence or inadequacy of a guardrail. The Town's expert opined that plaintiff's accident would still have occurred even if a guardrail complying with current standards had been in place because his vehicle left the road before reaching the area where such a guardrail would have been located. The expert further opined that the accident was caused by plaintiff's alleged excessive speed and oversteering rather than by any defect in the guardrail, and that the severity of plaintiff's injuries was caused by his failure to wear a lap belt. Plaintiffs' experts submitted contradictory affidavits opining that the vehicle left the road at a different location closer to the culvert, where they allege that current standards require a guardrail that would have kept the vehicle on the road. They further assert that a lap belt would not have prevented plaintiff's injuries. We agree with Supreme Court that the contentions of plaintiffs' experts raise substantial issues of fact barring summary judgment and that the alleged defects in the expert analyses on both sides do not render them incredible as a matter of law but, instead, raise questions of weight and credibility for factual determination.

Finally, Freeman and Calice contend that their motion for summary judgment should have been granted because there is no evidence that Freeman's negligence proximately caused the accident. They argue that there is no evidence that the truck was traveling at a high rate of speed or made any sudden movement into plaintiff's lane, and that the passenger's testimony that it appeared to be encroaching in their lane does not establish that plaintiff himself observed the truck or believed that it was in his travel lane. Supreme Court found that plaintiff's abrupt swerve to the right just after his passenger allegedly observed that the truck appeared to be in their lane provided a basis from which the factfinder could reasonably infer that he had made the same observation. We agree that, given the lower standard of proof that may be applicable on this issue if plaintiff establishes a causal connection between his claimed amnesia and Freeman's alleged negligence, the passenger's testimony was sufficient to present issues of fact precluding summary judgment (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]; *Schechter v Klanfer*, 28 NY2d 228, 232-233 [1971]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.