■ JESSICA FERGUSON, an Infant, by Her Father and Guardian, REGINALD FERGUSON, et al., Respondents, v MICHAEL P. SHEAHAN et al., Defendants, and TOWN OF ITHACA, Appellant. (Action No. 1.) VALERIE RICHARDS, an Infant, by Her Mother and Guardian, JUDY NELSON, et al., Respondents, v MICHAEL P. SHEAHAN II et al., Defendants, and TOWN OF ITHACA, Appellant. (Action No. 2.) [896 NYS2d 245]—

Spain, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered August 28, 2009 in Tompkins County, which denied a motion by defendant Town of Ithaca for summary judgment dismissing the complaints.

These consolidated personal injury actions arise out of an

August 2003 automobile accident that occurred along Sand Bank Road in the Town of Ithaca, Tompkins County. Defendant Michael P. Sheahan II and his four passengers were traveling northbound, returning from Buttermilk Falls where the five teenagers had been swimming until it started raining. While apparently driving within the legal speed limit—at approximately 25 to 30 miles per hour in an unposted 55-miles-per-hour zone—Sheahan failed to notice a curve warning sign advising a speed limit of 10 miles per hour.[1] Upon encountering the sharp curve, Sheahan's Ford Bronco failed to turn and instead skidded on the wet road, crossing the southbound lane and proceeding directly off the roadway. The Bronco went over an earthen berm and tumbled to the bottom of a deep gorge. The three passengers seated in the Bronco's back seat—plaintiffs Jessica Ferguson and Celeste Nigro (action No. 1) and plaintiff Valerie Richards (action No. 2)—were ejected from the vehicle as it rolled and they sustained severe injuries as a result of the accident.

Plaintiffs thereafter commenced these actions alleging, as relevant here, that the Town, as owner of the portion of Sand Bank Road where the accident occurred, breached its duty to safely maintain the road and that such negligence caused or contributed to plaintiffs' injuries. The Town moved for summary judgment and, finding that plaintiffs raised material questions of fact regarding the adequacy of the roadside barriers and signs near the location of the accident, Supreme Court denied the motion. On the Town's appeal, we now affirm.

"Municipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition" (*Temple v Chenango County*, 228 AD2d 938, 938 [1996] [citations omitted]; *see Madden v Town of Greene*, 64 AD3d 1117, 1119 [2009]). This includes a duty to provide and maintain adequate and proper barriers or guide rails where appropriate (*see Gomez v New York State Thruway Auth.*, 73 NY2d 724, 725 [1988]; *Popolizio v County of Schenectady*, 62 AD3d 1181, 1182 [2009]; *McDonald v State of New York*, 307 AD2d 687, 689 [2003]) and a duty to properly maintain curves and erect adequate warning signs (*see Levine v New York State Thruway Auth.*, 52 AD3d 975, 976 [2008]; *Duger v Estate of Carey*, 295 AD2d 878, 878 [2002]). However, " 'no liability will attach unless the ascribed negligence of the [municipality] . . . is the proximate cause of the accident' " (*Sherman v County of Cortland*, 18 AD3d 908, 910 [2005], *lv denied* 5 NY3d 713 [2005], quoting *Duger v Estate of Carey*, 295 AD2d at 879).

---

1. In February 2002, the Department of Transportation denied the Town's March 2001 petition to have the speed limit on Sand Bank Road reduced and posted at 35 miles per hour.

Plaintiffs do not dispute Supreme Court's finding that the Town's evidence was sufficient to satisfy its initial burden on the summary judgment motion by offering proof that the road was posted with warning signs, that the berm offered a barrier to prevent vehicles from entering the gorge and that, in any event, Sheahan's negligence was the sole proximate cause of the accident (see Rossal-Daub v Walter, 58 AD3d 992, 995 [2009]).[2] It is undisputed that, at the time of the accident, there was an S-curve sign approaching the accident site from the south recommending a 10-miles-per-hour speed limit and several chevron arrow signs on the south side of the curve. There also were guide rails within the curve; the 2-to-2½-foot earthen berm where the Bronco left the road was at the southern point of the curve before the guide rails began.

In meeting its initial burden, the Town relied on Sheahan's deposition testimony where he admits that he was barefoot, listening to loud music and in the process of putting on his seatbelt moments before the accident, and that he never saw the 10-miles-per-hour warning sign before entering the curve. The Town also submitted the deposition of its Highway Superintendent, who testified that the earthen berm was created to prevent cars from going into the gorge and was maintained by the Town, and the affidavit and report of George Ruotolo, an expert in accident reconstruction. Ruotolo opined that the Bronco was going between 23 and 28 miles per hour at the start of the skid and, given the road conditions, this speed was unreasonably high for the curve. Ruotolo concluded that the sole cause of the accident was Sheahan's inattention and excessive speed and that, but for that conduct, the earthen berm would have been an effective barrier.

In response to the Town's motion, plaintiffs proffered the affidavit of John Serth, a licensed professional engineer specializing in accident reconstruction, who opined that the guide rail was not long enough to adequately protect motorists from the gorge and that the Bronco's speed was not unexpected, given the unposted speed zone and the suddenness of the curve. He also disagreed with Ruotolo's findings that the earthen berm was an effective barrier, noting that the sloped side of the berm became a ramp that effectively vaulted the Bronco into the

---

2. Supreme Court also held that it could not determine on this record whether the Town is entitled to qualified immunity for its discretionary decisions related to the safety measures employed at the accident site, and the Town has not argued that its decisions in that regard were the result of the type of deliberate decision-making process that would entitle it to qualified immunity (see Madden v Town of Greene, 64 AD3d at 1120; Appelbaum v County of Sullivan, 222 AD2d 987, 989 [1995]).

gorge. The divergence of expert opinions on the effectiveness of the berm and adequacy of the guide rail create an issue of fact that cannot be resolved here as a matter of law (*see Hill v Town of Reading*, 18 AD3d 913, 915-916 [2005]; *Temple v Chenango County*, 228 AD2d at 939-940; *Appelbaum v County of Sullivan*, 222 AD2d at 989-990). Further, Sheahan testified that, when he returned to the accident site the following day, he noted that there were branches covering part of the S-curve sign and Serth opined that the posted signs were not installed and/or maintained correctly. Accordingly, an issue of fact also exists as to the adequacy of the posted signs (*see Appelbaum v County of Sullivan*, 222 AD2d at 990; *Merchant v Town of Halfmoon*, 194 AD2d 1031, 1033 [1993]).

The Town argues that its failure to install a guide rail at the point of the accident is not actionable because there was no evidence of another accident where a vehicle went over the berm and into the gorge. The Town's Highway Superintendent, however, acknowledged that the berm was designed to prevent vehicles from entering the gorge. Further, he acknowledged that there had been more than five accidents at the curve, including one within a day or two of the instant accident in which a truck had gone over the berm but not into the gorge. These prior instances where vehicles failed to negotiate the curve, combined with the inherently dangerous roadside condition posited by a 150-foot-deep gorge, are ample evidence that the curve presented a danger to motorists (*see Hill v Town of Reading*, 18 AD3d at 915-916).

The Town also contends that it is entitled to summary judgment because the sole cause of the accident was Sheahan's negligence. Although it is uncontroverted that Sheahan was distracted at the time of the accident, plaintiffs successfully raised unresolved issues of fact concerning whether plaintiffs' injuries were caused or aggravated by the earthen berm, the absence of a guide rail and/or the lack of adequate warning signs (*see Hill v Town of Reading*, 18 AD3d at 916; *Holmes v City of Elmira*, 251 AD2d 844, 845-846 [1998]; *Temple v Chenango County*, 228 AD2d at 940).

Cardona, P.J., Peters, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

