SHARRON L. O'BUCKLEY, Individually and as Administrator of the Estate of MICHAEL O'BUCKLEY, Deceased, Appellant, v COUNTY OF CHEMUNG et al., Respondents. [931 NYS2d 717]—

Rose, J.

Plaintiff, individually and as administrator of the estate of her deceased 17-year-old son, commenced this wrongful death action against defendants seeking damages resulting from a one-car motor vehicle accident. Decedent was driving north on County Route 26 (also known as Christian Hollow Road) in the Town of Southport, Chemung County when he lost control of his vehicle on a downhill curve in the road, slid off the roadway and struck a tree in the front yard of a residence at 471 Christian Hollow Road. Plaintiff claimed that there was an excessive amount of gravel on the roadway and alleged causes of action based upon, among other things, defendants' failure to maintain a safe and proper road, failure to post adequate warning signs and failure to remove the tree or to construct a guardrail to prevent drivers from striking it. Decedent's 15-year-old passenger, Amber Cota, was injured in the accident and her mother commenced a separate action against the same two defendants.

Defendant County of Chemung moved for summary judgment dismissing the complaints against it in both this action and the *Cota* action, and plaintiff cross-moved for preclusion and issue resolution pursuant to CPLR 3126 based upon the County's alleged failure to respond to her disclosure demands. Defendant Town of Southport moved for summary judgment dismissing the *Cota* complaint against it, but did not serve the motion papers upon plaintiff in this action and did not bring a separate motion for summary judgment seeking dismissal of plaintiff's complaint against it. Supreme Court then granted summary judgment to the County and the Town in this action, dismissing the complaints against both defendants and concluding that it was unnecessary to address plaintiff's cross motion for discovery sanctions against the County. Plaintiff appeals.

Initially, although the County met its initial burden on its motion for summary judgment, we agree with plaintiff that,

based on the testimony, photographs and expert affidavit submitted by plaintiff, questions of fact exist regarding the safety of the road, the adequacy of the signage, whether the County affirmatively created or had constructive notice of a dangerous condition, whether decedent was so familiar with the road as to absolve the County of liability and whether decedent's operation of the vehicle was the sole proximate cause of the accident (*see Ferguson v Sheahan*, 71 AD3d 1207, 1210 [2010]; *Hill v Town of Reading*, 18 AD3d 913, 916 [2005]; *Appelbaum v County of Sullivan*, 222 AD2d 987, 989 [1995]). Also, the County's reliance on the lack of any written notice of the claimed defects is misplaced as prior written notice requirements do not apply to plaintiff's claims that the County affirmatively created the defective condition, failed to install a guardrail or otherwise remedy the danger presented by the tree and failed to install adequate signage (*see Madden v Town of Greene*, 64 AD3d 1117, 1119 [2009]; *Popolizio v County of Schenectady*, 49 AD3d 1117, 1119 [2008]; *Lugo v County of Essex*, 260 AD2d 711, 713 [1999]).

We also find no support for Supreme Court's conclusion that decedent was sufficiently familiar with the roadway so as to supersede any negligence by the County as a matter of law (*see Appelbaum v County of Sullivan*, 222 AD2d at 990). The evidence merely established that decedent, who did not live in the Town, had ridden with his mother on the road on "many occasions" as a child and, under these circumstances, issues of fact remain as to causation (*see Alexander v Eldred*, 63 NY2d 460, 468-469 [1984]; *Race v Town of Orwell*, 28 AD3d 1112, 1113 [2006]; *Barton v Town of Malone*, 207 AD2d 602, 602-603 [1994]; *compare Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983]). Nor are we able to conclude that decedent's conduct was the sole proximate cause of the accident given the varying evidence as to whether decedent was paying attention to the road, the lack of any conclusive evidence offered as to the speed of the vehicle and the unresolved factual issues regarding the presence of gravel on the roadway, adequacy of the warning sign and the potential danger presented by the tree (*see Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010]; *Herzog v Schroeder*, 9 AD3d 669, 670 [2004]; *Appelbaum v County of Sullivan*, 222 AD2d at 989).

As for the Town, it only sought dismissal of the *Cota* complaint and did not have a motion pending before Supreme Court in this action or serve the motion made in the *Cota* action on plaintiff. The Town's contention that Supreme Court had the authority to search the record and dismiss plaintiff's

complaint against it is unavailing (*see* CPLR 3212 [b]), as the issue of the Town's liability to plaintiff was not before the court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *cf. Wells Fargo Bank Minn., N.A. v Garrasi*, 80 AD3d 1061, 1063 [2011]). Nor is there any evidence that Supreme Court advised the parties that it would consider the Town's motion for summary judgment in the *Cota* action as part of this action (*see Berle v Buckley*, 57 AD3d 1276, 1277 [2008]; *White v La France*, 203 AD2d 765, 766-767 [1994], *lv dismissed* 84 NY2d 977 [1994]). Further, we are not persuaded by the Town's argument that Supreme Court's subsequent order addressing plaintiff's motion to reargue and the Town's cross motion for summary judgment renders the instant appeal moot. The subsequent order did not independently grant summary judgment to the Town. Instead, it merely reaffirmed that plaintiff's complaint against the Town was dismissed as part of the original order now on appeal.

Given our determination to reinstate plaintiff's complaint, the issues raised by her in her cross motion are no longer academic and it should be remitted to Supreme Court for determination (*see Seelinger v Town of Middletown*, 79 AD3d 1227, 1230 [2010]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion for summary judgment of defendant County of Chemung and dismissed the complaint against said defendant and defendant Town of Southport; said motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.