Aarons, J.
Appeal from an order of the Supreme Court (Pritzker, J.), entered May 28, 2015 in Washington County, which denied a motion by defendant County of Washington for summary judgment dismissing the complaints against it.
Plaintiff Virginia Fu was driving northbound on County Road 113 in Washington County when she lost control of her vehicle after hitting an icy patch. While Fu was able to regain control of her vehicle, seconds thereafter, she hit another icy patch, crossed over into the southbound lane, skidded and fell off the road and hit a culvert. Fu commenced action No. 1 alleging that defendant County of Washington (hereinafter defendant) was negligent in the design and construction of County Road 113 and in allowing a dangerous condition to exist on the road by virtue of the presence of snow and ice. Plaintiff Nationwide Insurance Company commenced a separate subrogation action against, among another, defendant (action No. 2), which was subsequently joined with Fu’s action for trial purposes. Following joinder of issue and discovery, defendant moved for summary judgment seeking dismissal of both complaints. Supreme Court denied the motion. Defendant appeals.
With respect to Fu’s claim that a dangerous condition existed due to the presence of ice and snow on the roadway, defendant met its summary judgment burden by establishing that it did not receive prior written notice of the alleged dangerous condition as required by the applicable written notice statutes (see *1479 Highway Law § 139 [2]; Local Law No. 1 [1979] of County of Washington § 1 [a]; Catalfamo v City of Albany, 55 AD3d 1105, 1105 [2008]). Fu concedes that defendant did not receive prior written notice regarding the presence of snow or ice on the roadway and does not argue or otherwise demonstrate that any exception to the rule applies. Accordingly, defendant is entitled to summary judgment on this particular claim (see Stride v City of Schenectady, 85 AD3d 1409, 1410-1411 [2011]; Friedland v County of Warren, 61 AD3d 1138, 1139 [2009]; Lugo v County of Essex, 260 AD2d 711, 712-713 [1999]).
Fu, however, also alleged that her accident stemmed from defendant’s negligence in the design and construction of County Road 113 by failing to install a guardrail or other barrier where the accident occurred—a claim that falls outside the purview of the prior written notice statutes (see Madden v Town of Greene, 64 AD3d 1117, 1119 [2009]). A municipality has a nondelegable duty to the public to construct and maintain its roads in a reasonably safe condition, and this duty extends to furnishing and maintaining adequate barriers or guardrails where appropriate (see Ferguson v Sheahan, 71 AD3d 1207, 1208 [2010]; Temple v Chenango County, 228 AD2d 938, 938 [1996]). To that end, a municipality is under no obligation to upgrade its roads that complied with design standards when they were built merely because the standards were subsequently upgraded (see Madden v Town of Greene, 64 AD3d at 1119-1120).
We conclude that defendant failed to establish that the design of the road comported with the applicable standards at the time that County Road 113 was constructed. County Road 113, over which defendant admitted ownership, was constructed in the late 1940s. Defendant’s engineering expert did not identify what standards were in effect at the time that County Road 113 was designed or constructed (see id. at 1120). Rather, defendant’s expert cited to the Department of Transportation Highway Design Manual in concluding that there was little justification for the placement of a guardrail at the location of Fu’s accident. This manual, however, was published in the 1970s and, therefore, does not apply to County Road 113. Under these circumstances, the affidavit of defendant’s expert has no probative value as to whether County Road 113 complied with applicable standards, and the burden never shifted to Fu on this issue (see Appelbaum v County of Sullivan, 222 AD2d 987, 989 [1995]; Toohey v Town of Brunswick, 191 AD2d 858, 858 [1993]). In light of this deficiency, we need not assess defendant’s contentions on the issue of whether the roadway in question had a history of accidents or had undergone significant repairs or reconstruction.
*1480 We also find that a triable issue of fact exists as to whether defendant’s alleged negligence was a proximate cause of the accident. Defendant’s expert concluded that based upon where Fu went off the road, even if a barrier or guardrail was in place at the time of her accident, it “would have offered no protection at all.” Fu, however, submitted an expert affidavit contradicting the opinion of defendant’s expert. In light of the competing opinions, a jury must decide whether the failure to install a barrier or guardrail was a proximate cause of the accident (see Winney v County of Saratoga, 8 AD3d 944, 945 [2004]; Temple v Chenango County, 228 AD2d at 940; Merchant v Town of Halfmoon, 194 AD2d 1031, 1033 [1993]).
Egan Jr., J.P., Rose, Clark and Mulvey, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendant County of Washington for summary judgment dismissing the claim alleging a dangerous condition due to the presence of snow and ice; motion granted to said extent; and, as so modified, affirmed.