Read v Bell (2022 NY Slip Op 03563)





Read v Bell


2022 NY Slip Op 03563


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

533733
[*1]Dean Read et al., Respondents,
v
Charles Bell et al., Defendants, and Town of Lloyd, Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Drake Loeb PLLC, New Windsor (Brendan T. Fitzpatrick of Gerber Ciano Kelly Brady LLP, Garden City, of counsel), for appellant.
O'Connor & Partners, PLLC, Kingston (Michael Kolb of counsel), for respondents.



Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered July 26, 2021 in Ulster County, which, among other things, denied a motion by defendant Town of Lloyd for summary judgment dismissing the complaint against it.
Plaintiff Dean Read and his wife commenced this personal injury action against, among others, defendants Town of Lloyd (hereinafter the Town) and Charles Bell as a result of a motor vehicle accident that occurred at the intersection of North Eltings Corners Road and Hawleys Corners Road. North Eltings Corners Road runs north and south, while Hawleys Corners Road runs west and east. As North Eltings Corners Road approaches Hawleys Corners Road, it splits into two branches, forming a Y-shaped intersection consisting of a triangular island of grass with a single stop sign. The accident happened as Bell was turning his vehicle west from North Eltings Corners Road onto Hawley Corners Road and collided with Dean Read's motorcycle, which was proceeding east on Hawleys Corners Road. Plaintiffs alleged that the Town was negligent in the maintenance of the intersection, which resulted in overgrown foliage and attendant obstructed sight lines, as well as responsible for inadequate signage and/or negligent design of the intersection. Following joinder of issue and discovery, Bell and the Town each moved for summary judgment seeking to dismiss the complaint. Supreme Court denied the motions, finding issues of fact. The Town appeals.[FN1]
Initially, we agree with the Town that, as there was no evidence of prior written notice, Supreme Court erred in denying the Town's motion as to plaintiffs' claim related to a dangerous condition caused by overgrown foliage (see Town Law § 65-a; Code of the Town of Lloyd § 89-6). "It is well settled that where, as here, a municipality has enacted a prior written notice statute pertaining to its thoroughfares or sidewalks, it cannot be held liable unless such written notice of the allegedly defective or dangerous condition was actually given" (Palo v Town of Fallsburg, 101 AD3d 1400, 1400 [2012] [internal quotation marks and citations omitted], lv denied 20 NY3d 862 [2013]; see Fu v County of Washington, 144 AD3d 1478, 1478-1479 [2016]; Cieszynski v Town of Clifton Park, 124 AD3d 1039, 1040 [2015]). By its submission of the affidavits of its Town Clerk and Superintendent of Highways who both averred that, after review of the pertinent records, no written notice was received pertaining to any alleged defective or dangerous condition caused by or from overgrown trees (see Palo v Town of Fallsburg, 101 AD3d at 1400), the Town successfully shifted the burden to plaintiffs to establish an issue of fact as to prior written notice, which plaintiffs failed to do (see Chance v County of Ulster, 144 AD3d 1257, 1259 [2016]; Stride v City of Schenectady, 85 AD3d 1409, 1410-1411 [2011]).
As to plaintiffs' claims pertaining to inadequate signage and negligent design of the intersection, we agree that prior [*2]written notice requirements do not apply to these alleged defects (see Hughes v Jahoda, 75 NY2d 881, 882-883 [1990]; Hubbard v County of Madison, 93 AD3d 939, 943 [2012], lv denied 19 NY3d 805 [2012]; O'Buckley v County of Chemung, 88 AD3d 1140, 1141 [2011]). Nevertheless, the Town contends that, as it had never previously reconstructed the intersection and there was no history of accidents at this location, it had no duty to redesign or reconstruct the intersection. "Municipalities owe a nondelegable duty to the public to construct and maintain their roads in a reasonably safe condition" (Lindquist v County of Schoharie, 126 AD3d 1096, 1098 [2015] [internal quotation marks and citations omitted]; see Madden v Town of Greene, 64 AD3d 1117, 1119 [2009]). "[A] municipality is not required to upgrade highways that complied with design standards when they were built merely because the standards were subsequently upgraded. Such upgrades become necessary when the roadway has a history of accidents or when the roadway undergoes significant repairs or reconstruction" (Madden v Town of Greene, 64 AD3d at 1119-1120 [2009] [citations omitted]; see Fu v County of Washington, 144 AD3d at 1479).
The Superintendent of Highways averred, by affidavit, that the roads are older rural highways by use that predate modern design standards and road specifications, and that there is no record that the Town originally designed or constructed the roads or intersection. Further, he averred that the Town has not reconfigured, reconstructed, redesigned, realigned or rebuilt the roads; rather, it simply performs periodic seasonal maintenance such as plowing, trimming and chip-sealing. Notwithstanding these assertions, the record demonstrates that, at the very least, at some point in the modern era the roads were paved and signage was installed. The Town has provided no proof as to when or how often these activities have been undertaken or that they were completed in compliance with the standards in place at the time. As such, the Town has failed to sustain its prima facie burden with respect to these claims (see Fu v County of Washington, 144 AD3d at 1479; Madden v Town of Greene, 64 AD3d at 1120).
We further agree that Supreme Court properly rejected the Town's contention that plaintiffs' allegations of negligence by the Town were negated by Dean Read's and Bell's familiarity with the intersection. A municipality may be excused from liability when its conduct in maintaining a road could not be the proximate cause of an accident due to both drivers' familiarity with the intersection (see Alexander v Eldred, 63 NY2d 460, 467-468 [1984]; Gilberto v Town of Plattekill, 279 AD2d 863, 864 [2001] lv denied 96 NY2d 710 [2001]). The Town submitted the deposition testimony of Dean Read and Bell and photographs of the intersection. It is undisputed that both drivers were familiar with the intersection. In opposition to the motion, plaintiffs submitted an affidavit by a civil [*3]engineer opining that the signage at the intersection created an unreasonable hazardous situation and uncertainty as to who had the right-of-way. The expert testified that the intersection should be shifted to direct that all traffic should turn at the eastern branch of the Y, allowing additional sight distance and avoiding any confusion. Based on a review of the record, it cannot be said that this Y intersection was reasonably safe as a matter of law, nor did the Town conclusively demonstrate that placing the stop sign in a different location would have resulted in the same conduct by Dean Read and Bell. Accordingly, Supreme Court properly determined that triable issues of fact exist as to whether the signage at the intersection was a proximate cause of the accident (see Russo-Martorana v Theophilakos, 46 AD3d 1047, 1049 [2007]; Appelbaum v County of Sullivan, 222 AD2d 987, 990 [1995]).
Egan Jr., J.P., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the motion by defendant Town of Lloyd seeking summary judgment dismissing the claim alleging a dangerous condition due to overgrown trees; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Bell also appealed; however, he subsequently settled with plaintiffs and withdrew his appeal, and the action has been discontinued with respect to him.